(No. 28042.—

FREDERICK ROY KINSLEY, Appellant, *vs.* VERONA HALLA KINSLEY, Appellee.

*Opinion filed Sept. 19, 1944—Rehearing denied Nov. 20, 1944.*

RAY E. LANE, (FRED A. GARIEPY, OWEN RALL, and JOHN SPALDING, of counsel,) all of Chicago, for appellant.

WALTER BACHRACH, (WALTER H. MOSES, and ROBERT C. KELSO, of counsel,) all of Chicago, *amicus curiae.*

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

The plaintiff-appellant, Frederick Roy Kinsley, filed his complaint for divorce in the superior court of Cook county on November 24, 1943, charging his wife, Verona Halla Kinsley, the appellee, with adultery. The complaint set forth the usual allegations stating the time and the place of the marriage, the time of the separation and the residence of the parties to the suit. The appellee was properly

served with process, but did not appear or defend the action in any way. In apt time she was defaulted by the order of the trial court.

The case came on for a hearing on January 18, 1944, and the attorney for the appellant offered to prove by witnesses in open court that the appellant and the appellee lived together as husband and wife after the date of their marriage until the month of April, 1942. In the meantime, the appellant had been inducted into the armed forces of the United States and during the month of April, 1942, he left the city of Chicago as a member of the said armed forces and has not been back since that time; that he has now been overseas upwards of eighteen months and is stationed in the performance of his duties in the Kingdom of Italy. The attorney for the appellant also sought to prove that a child was born to the appellee on June 14, 1943, and presented and offered in evidence a birth certificate from the Division of Vital Statistics, duly certified by the county clerk of Cook county, showing the birth of an infant to the appellee on the date aforesaid, which exhibit so offered gave the name of Robert Henry Greig as the father of the child and the appellee herein as the mother. The appellant also offered to prove by witnesses that the appellee had stated in conversation that the child born to her was not the child of the appellant but was in truth and in fact the child of Robert Henry Greig.

The court refused to admit or accept any of the evidence offered because of section 4 of rule 60, adopted by the superior court of Cook county, reading as follows: "No decree of divorce in any case will be granted upon the unsupported testimony of the plaintiff or without the appearance of the plaintiff in open court." The court announced that the case could not be heard until such time as the appellant returned from overseas and was able to appear in person in open court. The court, in denying the application of the appellant, filed a written opinion up-

holding the validity of the rule adopted by the judges of the superior court and entered an order dismissing the cause without prejudice to the appellant.

The sole question in the case is the validity of the rule above stated. The appellee did not appear either in person or by counsel but the rights of the appellee, who was the defendant in the cause, are fully presented by the briefs of an *amicus curiae* filed pursuant to leave of court. It was pointed out by counsel in the case that a difference of opinion exists between the judges of the superior and circuit courts of Cook county as to the validity of said section 4 of rule 60, provisions of which are identical in both courts.

The views of the judges of the superior court are expressed in the opinion of the trial judge in the present case. In a similar case tried in the circuit court of Cook county, a contrary result was reached and an opinion handed down by the trial court on April 12, 1944, holding that the rule was void and repugnant to the rights of the litigant under the State statute. Because of constitutional grounds urged the appeal was filed in this court.

It is our understanding that it is the desire of the judges of both the circuit and superior courts of Cook county that this court pass upon the validity and enforcibility of said rule so that there may be uniformity in both courts with respect to the same.

It is the contention of appellant that section 4 of rule 60 contravenes the public policy of this State as established by the legislature; that the superior court was without power to adopt the rule, which constitutes special legislation; that the rule violates section 29 of article VI of the State constitution and denies appellant due process of law.

Section 6 of the Divorce Act (Ill. Rev. 1943, chap. 40, par. 7,) provides: "The process, practice and proceedings under this Act shall be the same as in other civil cases except as herein otherwise provided." Section 8 of the same act, concerning proof in default cases, provides: "If

the complaint is taken as confessed the court shall proceed to hear the cause by examination of witnesses in open court, and in no case of default shall the court grant a divorce, unless the judge is satisfied that all proper means have been taken to notify the defendant of the pendency of the suit, and that the cause of divorce has been fully proven by reliable witnesses."

It would seem under this section that the legislature imposed only one condition upon the court as to the weight and sufficiency of the evidence and that was to satisfy the trial judge that the cause of divorce had been proved by reliable witnesses in open court. Section 4 of rule 60 imposes an additional condition to the granting of a divorce in Cook county.

It is true that circuit courts and the superior courts of Cook county have the power to adopt rules and are authorized to do so by section 28 of the Circuit Court Act, (Ill. Rev. Stat. 1943, chap. 37, par. 72.28,) which reads as follows: "The said courts may, from time to time, make all such rules for the orderly disposition of business before them as may be deemed expedient, consistent with law."

In all matters of practice and procedure, in facilitating the orderly disposition of business, the said courts have undoubted power to adopt rules governing the same, but they are without authority to change the substantive law of the land. Matters of form, of practice, of procedure and for the orderly regulation of the business of the court are all proper subjects for rules, but matters of substance which impose additional burdens upon a litigant, not contemplated by the statute, are invalid. *People ex rel. Barnes* v. *Chytraus,* 228 Ill. 194.

We are mindful of the public policy of the State in favor of preserving marriages and permitting divorces to be granted only upon strict compliance with the statute relating to divorce, but under the statute we have in Illinois,

it appears to be clear that the chancellor should only be bound to exercise his discretion as to whether there is evidence which satisfies him the cause for divorce has been proved by reliable witnesses in open court. In determining that controlling factor, the court may take into consideration the presence or absence of the plaintiff in open court at the time of the hearing. There is no requirement of the statute that he must be present and the rule in question contravenes the statute in that it limits the power of the court in the entry of a decree. Rules of court must not be contrary to the constitution and the statutes of the State. (*People ex rel. Chicago Bar Ass'n* v. *Feinberg*, 348 Ill. 549.) If section 4 of rule 60 were to stand, we can readily imagine many injustices which might arise to a citizen engaged in foreign lands with the armed forces. Not only the fear of unjust allotments, but many questions of inheritance and other rights growing out of the marital relation would be seriously affected.

For the reasons assigned in this opinion, we believe the order of the superior court in dismissing the cause should be reversed and the cause remanded to that court for a hearing on the merits.

*Reversed and remanded.*