(No. 33969.—

THE PEOPLE *ex rel.* Mae Doty, Appellant, *vs.* FRANCIS X. CONNELL, Clerk of the Circuit Court of Cook County, Appellee.

*Opinion filed September 25, 1956—Rehearing denied Nov 19, 1956.*

Sol R. Friedman, and I. S. Friedman, both of Chicago, for appellant.

John Gutknecht, State's Attorney, of Chicago, (Gordon B. Nash, Charles D. Snewind, Albert E. Jenner, Jr., and Wesley G. Hall, of counsel,) for appellee.

Mr. Justice Hershey delivered the opinion of the court:

This case involves the constitutionality of a 1955 amendment to the Divorce Act, which provides that actions for divorce "shall be commenced by filing a praecipe for sum-

mons" and which prohibits the filing of the complaint and entry of the decree for a period of 60 days from the day the summons is served or the last day of publication of notice, unless leave of court is obtained in the manner outlined. Ill. Rev. Stat. 1955, chap. 40, pars. 7a, 7b, 7c, 7d, 7e; Laws of 1955, p. 2114; H.B. No. 786.

The circuit court of Cook County refused appellant's request for *mandamus* to compel the clerk of that court to receive and file her complaint for divorce despite her refusal to commence the suit by filing a *praecipe* for summons as required by said statute. The constitutional validity of a statute being involved, this court has jurisdiction on direct appeal.

In asserting constitutional objections, the appellant relies mainly upon *People ex rel. Christiansen* v. *Connell*, 2 Ill.2d 332, which invalidated a 1953 amendment to the Divorce Act containing somewhat similar provisions. However, the appellee contends that this legislation does not have the features condemned in the *Christiansen case* and that the decision is actually an authority in support of the present act.

The 1953 statute considered in the *Christiansen case* contained three significant provisions (none of which is included in the 1955 act) modifying the practice and procedure in divorce, separate maintenance and annullment. First, it required, as a condition precedent to the commencement of an action for divorce, separate maintenance or annullment, that the plaintiff file a "statement of intention" to institute the action. Second, it provided for a mandatory waiting period after the filing of the statement of intention of 60 days before suit could be instituted, summons issued, and jurisdiction obtained over the person of the defendant. Third, it provided for a voluntary informal conference during the 60-day waiting period, directed to reconciliation of the parties and to be participated in by the court and one or both of such parties.

We held the legislation unconstitutional on two grounds: (1) The 60-day prejurisdictional waiting period denied to the plaintiff a right of access to the courts in violation of section 19 of article II of the Illinois constitution. (2) The voluntary reconciliation conference imposed nonjudicial duties upon judges in violation of the separation of powers provisions of article III of the Illinois constitution.

In an obvious effort to cure these defects, the legislature omitted from the present act all mention of reconciliation conferences and provided for immediate commencement of the suit by the filing of a *praecipe* for summons, with the consequent prompt obtaining of jurisdiction of the subject matter and the parties.

In holding the 1953 act invalid we pointed out that it differed from so-called "cooling off period" statutes in force in other States in that the latter provided for periods of delay *subsequent* to the institution of the action for divorce or the service of process, and prior to hearing or the entry of a decree. With reference to these statutes of other jurisdictions requiring the lapse of given periods of time after the filing of suit or service of process, we declared that "Such legislation applies uniformly to all litigants and does not involve any delay of access to the courts." *People ex rel. Christiansen* v. *Connell, 2* Ill.2d 332, 345.

Likewise, the instant statute provides immediate access to the courts by a procedural means applicable alike to all litigants, with no delay being interposed before jurisdiction is obtained. The commencement of a suit by the filing of a *praecipe* for summons, a practice familiar to most Illinois lawyers, was in effect in this State for over a hundred years preceding the enactment of the Civil Practice Act of 1933 (Puterbaugh, Common Law Pleading and Practice, 10th ed. sec. 9,) and still prevails in the municipal court of Chicago (Ill. Rev. Stat. 1955, chap. 37, par. 395,) and in municipal courts organized under the general Municipal

Court Act. Ill. Rev. Stat. 1955, chap. 37, pars. 459, 469a.

Therefore, the statute in question does not fall under the constitutional inhibition elaborated in the *Christiansen case*. However, it does retain a form of "cooling off period;" and while post-jurisdictional delays of this type were approved inferentially in the *Christiansen case*, the question warrants further consideration and discussion.

The parties agree there was no right of divorce in the common law, and the legislature could abolish the statutory remedy altogether. Moreover, "an action for divorce involves interests other than those of the parties litigant. The State, as the sovereign, has an interest in maintaining the integrity and permanency of the marriage relation." (*Ollman* v. *Ollman*, 396 Ill. 176, 181. See also *Leland* v. *Leland*, 319 Ill. 426.) It follows that the legislature, as an exercise of its police power and to promote the public welfare, may adopt any reasonable rules regulating divorce that do not conflict with the Illinois and Federal constitutions.

The "60-day cooling off period" provision is designed to effectuate a legislative policy directed toward affording an opportunity for reconciliation of the parties prior to hearing and decree. This court in previous decisions has recognized the laudable purposes which are sought to be achieved by legislation of this type. See, for example, *People ex rel. Christiansen* v. *Connell*, 2 Ill.2d 332, 346.

Similar statutes providing for a lapse of time after institution of the suit but prior to hearing or entry of decree, are in force in the following twelve States: Arizona (Ariz. Code Ann., chap. 21, sec. 21—1202); Colorado (Colo. Stat. Ann. 1935, chap. 56, sec. 10(1), Laws 1945, p. 316, § 2); Connecticut (Conn. Gen. Stat. 1949, chap. 367, sec. 7333); Indiana (Burns' Ind. Stat. Ann., Title II, sec. 801, Acts 1947, chap. 94); Kansas (Kan. Gen Stat. Ann. 1949, chap. 60, art. 15, sec. 60—1517); Michigan (Mich. Stat. Ann., sec. 25.89); Nebraska (Neb. Rev Stat. 1943, chap. 42, sec. 305.02); Ohio (Ohio. Gen. Code, 1951

Supp., chap. 2, sec. 8003—10); South Carolina (S. Car. Code, 1952, Title 20, chap. 2, sec. 20—108); Texas (Vernon's Tex. Stat., Ann., chap. 4, sec. 4632); Vermont (Ver. Rev. Stat. 1947, sec. 3255); Washington (Rem. Rev. Stat., sec. 982 *et seq.,* Rev. Code of Wash., Title 26, sec. 26.08.040). In addition, there are eleven States which employ the "interlocutory decree" method and delay the entry of a final decree. See 36 Va. L. Rev. 665.

The Nebraska statute, which provides for a six-month delay after service of summons and before hearing, was upheld in *Garrett* v. *State,* 118 Neb. 373. The Nebraska constitution contains a provision equivalent to article II, section 19, of our constitution. In discussing the policy to be implemented the court said at page 379: "[The legislation] was undoubtedly to give parties time to recover from anger, to recall affection, to remember benefits, to reflect on the wellbeing of offspring, and to consider from the standpoint of personal duty and responsibility. Immediate trial and preparation for trial are inherently such as to keep alive resentment and develop new animosity, hence the waiting time prescribed by the lawmaker in order that the relation in which the state is so vitally interested may not be terminated too easily and too speedily." Cf. *Berghean* v. *Berghean,* 113 Ind. App. 412; *Pashko* v. *Pashko,* 45 O.O. 498.

The appellant's challenge is not to the statutory objective, but to the means or procedures adapted to that end. Immediate access to the courts being assured, the procedures are to be judged by the same rule of reasonableness applicable to other legislative acts establishing special limiting, regulatory and restrictive procedures. *E.g.,* adoption, Ill. Rev. Stat. 1955, chap. 4, pars. 1—1, 3—1, 4—1; taxpayers suits, Ill. Rev. Stat. 1955, chap. 102, pars. 14, 15, 16; attachment, Ill. Rev. Stat. 1955, chap. 11, pars. 2, 6, 8, 10, 25; *quo warranto,* Ill. Rev. Stat. 1955, chap. 112, pars. 11, 12; replevin, Ill. Rev. Stat. 1955, chap. 119,

pars. 4, 17a; injunction, Ill. Rev. Stat. 1955, chap. 69, pars. 3, 9, 17; election contests, Ill. Rev. Stat. 1955, chap. 46, pars. 23—13, 23—20, 23—23.

The issue of due process of law is to be determined by judging whether the particular statute is reasonable in the light of the legislative objectives. (Cf. *Clarke* v. *Storchak,* 384 Ill. 564.) So judged, we cannot say that a post-jurisdictional delay of 60 days is unreasonable. The legislatures of several States have enacted similar provisions, none of which to our knowledge has been invalidated; and there is abundant reasoned opinion favoring procedures of this kind as a means of attaining a desired end. (See, *e.g.,* Miner, "The 60-Day Cooling Off Period," 41 Ill. B. J. 636; Comment, 22 U. of Chicago L. Rev. 253, 258-60; Note, 49 Northwestern L. Rev. 682, 687.) The legislature, mindful of the State's "interest in maintaining the integrity and permanency of the marriage relation" and taking account of the high divorce rate and its effects, cannot be said to have acted arbitrarily or unreasonably in requiring, as a means of fostering reconciliation, that a divorce complainant wait at least 60 days before making the charges a matter of public record and having a hearing thereon. "With the growth and development of the State the police power necessarily develops, within reasonable bounds, to meet the changing conditions." *Clarke* v. *Storchak,* 384 Ill. 564, 576.

It is, of course, not for us to say whether the particular law before us is desirable from the standpoint of legislative policy, since the wisdom of legislation is a matter committed exclusively to a co-ordinate branch of our government, the General Assembly. It is sufficient to show that it is not unreasonable in the light of legislative objectives and was within the province of legislative power.

Under certain conditions the 60-day waiting period may be waived, the law providing as follows: "The court, in

its discretion, may upon written motion supported by affidavit setting forth facts showing that immediate relief is warranted or required to protect the interests of any party or person who might be affected by a final decree or order in the proceedings, grant leave to file or order the filing of a complaint before the expiration of the 60-day period." (Ill. Rev. Stat. 1955, chap. 40, par. 7c.) The appellant contends that this provision is so vague, indefinite and uncertain as to amount to a deprivation of due process; that it violates section 29 of article VI of the Illinois constitution, which requires that all laws relating to courts be "general, and of uniform operation;" and that it contravenes section 22 of article IV which prohibits local or special laws in the granting of divorces.

The exercise of discretion being such an essential part of the judicial process, one can find numerous examples of provisions governing practice and procedure which are analogous to the statute in question. For instance, section 44 of the Civil Practice Act provides that "The court may, in its discretion, order separate trials." Section 50(6) provides that a "court may in its discretion, before final order, * * * set aside any default." Section 52.1 provides that a class suit may not be compromised or dismissed "except with the approval of the court." Section 59 provides that "on good cause shown, in the discretion of the court and on just terms, additional time may be granted for the doing of any act or the taking of any step or proceeding prior to judgment." Section 63 provides that "the court may in its discretion direct an issue or issues [in an equity case] to be tried by a jury." See also section 3 of the Injunction Act, which authorizes immediate issuance of an injunction without notice and hearing if it shall appear to the court "that the rights of the plaintiff will be unduly prejudiced," (Ill. Rev. Stat. 1955, chap. 69, par. 3); and the provision of the act of 1903 which authorizes the

appointment of a receiver without bond when "the court is of opinion that a receiver ought to be appointed without such bond." (Ill. Rev. Stat. 1955, chap. 22, par. 54.) Similar provisions appear in the rules of this court. Among others, Rule 101.8(5) provides that the court may extend the time for filing pleadings or the doing of any act "for good cause shown on motion," and Rule 101.19—10(3) provides that the court may in its discretion permit the use in evidence of a deposition upon a showing of "exceptional circumstances" and "in the interest of justice."

It is true that individual judges may differ as to what state of facts necessitates waiver of the 60-day waiting requirement "to protect the interests of any party or persons who might be affected by a final decree or order in the proceedings," but this does not render the law invalid. The same is true in many cases, including that of an injunction which may be issued if it appears to the court "that the rights of the plaintiff will be unduly prejudiced." (Ill. Rev. Stat. 1955, chap. 69, par. 3.) It would manifestly be impossible for the legislature to foresee and provide explicitly for every possible exigency which might be considered sufficient to call for an immediate filing of a divorce complaint. Accordingly, the course followed by the present statute of conferring discretion upon the courts, coupled with a declaration of legislative policy, is a reasonable method of operation. In effect, the legislature has done no more than confer upon the courts the necessary discretion to regulate proceedings pending before them, similar to that exercised in a wide variety of situations.

We conclude that this authority of the court to exercise judicial discretion in determining whether the immediate filing of the complaint is warranted or necessary satisfies due process of law, and since all divorce litigants are subject to its provisions, it is not special legislation violative of section 22 of article IV or section 29 of article VI of the Illinois constitution.

The appellant's citations, involving the so-called rule against delegation of power to administrative tribunals, are not in point, and no authorities are advanced to vitiate a provision of this type.

The appellant makes two additional arguments, both charging a separation of powers violation.

The first is that section 6a, which prohibits the filing of the complaint for divorce until 60 days from the service of summons or notice of publication, by implication confers upon administrative officers, the clerks of the several courts, the judicial discretion to determine if the 60 days have elapsed. But it is apparent that the statute, by any reasonable construction, requires the clerks to perform duties of a ministerial nature only, and it is further apparent that any action taken by the clerk is subject to immediate review by the trial court upon application by a party to the proceedings.

The appellant's other separation of powers argument concerns the appointment of "administrative aids." (Ill. Rev. Stat. 1955, chap. 40, pars. 30 to 32.) But these provisions were contained in H.B. No. 785, an independent statute which is complete in itself and in no way related to or dependent upon the statute here challenged, H.B. No. 786. The appellant admits that these provisions regarding "administrative aids" have not affected her, and their validity is not at issue on this appeal. Cf. *People ex rel. Christiansen* v. *Connell,* 2 Ill.2d 332, 337.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed,*