EUNICE EILEEN FARNBACH, Plaintiff-Appellee, v. WILLIAM HAROLD FARNBACH, Defendant-Appellant.

(No. 11332; ▇▇▇▇▇▇▇▇▇▇▇)

Fourth District—August 27, 1971.

Hoagland, Maucker, Bernard & Almeter, of Alton, (James K. Almeter, of counsel,) for appellant.

Schimmel & Schimmel, of Pittsfield, (Albert W. Schimmel, of counsel,) for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals from a decree of the circuit court granting a divorce to plaintiff, on the ground of extreme and repeated mental cruelty.

Plaintiff and defendant were married April 3, 1954. They apparently lived together without unusual incident until they adopted a daughter, who was born January 24, 1964. The complaint, filed April 24, 1969, alleges:

"That subsequent to their marriage, to wit, approximately two years ago, the defendant commenced a course of cruel and inhuman mental treatment towards the plaintiff in that he refused to cohabit with the plaintiff and that he refused to discipline the adopted child of the parties hereto, and that he has insisted on the adopted child hereto occupying the same bedroom with the plaintiff, all of which have made life with the defendant intolerable."

The evidence is extremely vague and deficient in detail as to dates. For example, it appears that the defendant husband travelled in his employment, and on occasion slept during the day when he was home. In response to a question how many hours a week the husband was home, plaintiff answered, "I haven't any idea. Don't care neither". It is not clear when the trouble started with respect to disciplining the child. In response to a question whether plaintiff had complete control of the child she answered: "Yes, up to the time he was home last November and all this trouble started", and this testimony followed:

Q. He was home, why?
A. Not letting me correct her.
Q. Is that when it started, last November?
A. No it started before that.
Q. You actually had the discipline of the child, didn't you?
A. Yes, until he was home last November.
He was home, why?

A. Because he had to have an operation on his eyes.
Q. He was home because he was ill, wasn't he?
A. He wasn't ill.
Q. He had serious trouble with his eyes, didn't he?
A. It's not serious, he had cataracts on them."

Plaintiff testified that the child thought she could get away with murder when the husband was home. The single incident in which the defendant is accused of positively interfering with the child's discipline was an occasion, after plaintiff filed for divorce, in which the six year old child had been absent for an hour and plaintiff spanked the child five or six times with a hairbrush. Her testimony was: "I give her five or six licks with a hair brush and he tells me that's enough, when the child hasn't even made a whimper yet." Plaintiff then became angry with the defendant for telling her "that's enough".

While it does not appear how many times the incident happened, plaintiff complains that defendant permitted the child to sleep with them. She stated that she broke the child of the habit four or five times and he permitted it again.

Plaintiff left the marriage bed because it wasn't any fun fighting for her half. There is no testimony or evidence that defendant ever refused intercourse or asked plaintiff to leave the bed. Plaintiff says she could not have sexual relations when defendant was home in the daytime because someone had to take care of the child.

■ While it is clear that some estrangement took place after the child was brought into the home, the evidence falls far short of proof of extreme and repeated mental cruelty.

There is no evidence that the child is, in fact, undisciplined. There is no evidence of interference with discipline except an unstated number of occasions of permitting the child to sleep in the married couple's bed.

■ We agree with plaintiff's counsel that the decree of the trial court should not be disturbed unless it is against the manifest weight of the evidence. (*Hayes v. Hayes*, 117 Ill.App.2d 211, 254 N.E.2d 288.) However, it is necessary that there be positive evidence in the record supporting the alleged statutory grounds for divorce.

There is no evidence of any effect of defendant's alleged conduct upon the plaintiff's health or nerves. There is evidence that she became extremely angry on one occasion, after the divorce was filed, on being told her discipline was too severe.

■ There is no evidence that any of defendant's alleged misconduct, which is largely negative conduct, was unprovoked. The issue in reference to discipline was raised by plaintiff, who, except for a few months

when the husband was recuperating at home from an operation, had complete control of the child.

Defendant contends that there is neither any allegation nor proof of lack of provocation for defendant's conduct. We think this is true. (*Akin v. Akin*, 125 Ill.App.2d 159, 260 N.E.2d 481.) Additionally, as stated in *Stanard v. Stanard*, 108 Ill.App.2d 240, 247 N.E.2d 438 at 442: "There are no allegations in the complaint and there is no other evidence in the record which suggests that the conduct of the defendant was such as to cause plaintiff's life, person or health to be endangered. We do not conclude from the evidence that the unprovoked conduct of the defendant was sufficient to render her life miserable and unendurable, and to cause her intense embarrassment, humiliation and anguish."

This was plaintiff's fifth marriage, and, in the absence of a positive refusal of intercourse, which is not even asserted, the lack of sexual relations which occurred some time, unstated, after ten years of cohabitation, would appear to have resulted as much from plaintiff's conduct as defendant's. In the event that evidence had been produced of a refusal of normal intercourse an inquiry would have been in order as to whether there was some excuse such as ill health. This record is devoid of any confrontation in this respect, and certainly fails to establish mental cruelty.

It has been repeatedly held that it is the duty of thet State to guard the marital relation and that it be not lightly terminated. *In re Fisher*, 15 Ill.2d 139, 153 N.E.2d 832; *Johnson v. Johnson*, 381 Ill. 362, 370, 45 N.E.2d 625; *The People ex rel. Doty v. Connell*, 9 Ill.2d 390, 394, 137 N.E.2d 849; and *Kinsley v. Kinsley*, 388 Ill. 194, 197; 57 N.E.2d 449.

Accordingly, as stated in *Stanard*, even though the trial court might conclude that the marriage was "obviously dead", it would not be authorized to excuse plaintiff from proving her case by competent evidence using the statutory grounds as a basis.

Plaintiff has failed to prove any intentional course of conduct engaged in by defendant which was calculated to, or did in fact, result in injuring her physical or emotional health. Mere disagreement of the parties or disillusionment with the marriage is insufficient.

The judgment of the trial court should be reversed.

Judgment reversed.

SMITH, P. J. and CRAVEN, J., concur.