BETTY F. LOWRANCE, Plaintiff-Appellee, v. ERNEST C. LOWRANCE, Defendant-Appellant.

(No. 74-55; ▮▮▮▮▮▮▮)

Second District (1st Division)—August 28, 1975.

*Rehearing denied October 3, 1975.*

Wayne B. Flanigan, of Wasneski, Yastrow, Kuseski & Flanigan, of Waukegan, for appellant.

Dennis P. Daly, of Daly & Daly, of Waukegan, for appellee.

Mr. JUSTICE HALLETT delivered the opinion of the court:

In December, 1973, the circuit court found that the defendant had been guilty of extreme and repeated mental cruelty towards the plaintiff and granted the wife a divorce, alimony in gross and attorney's fees. The defendant has appealed, on the sole ground that, under the present state of Illinois law, the finding is contrary to the manifest weight of the evidence. Regretfully, we agree and reverse.

The parties were married in 1934 and raised four children, all of whom are grown and gone. Although the parties have occupied separate bedrooms since January, 1973, they have continued to reside under the same roof.

Without going into specific details, suffice it to say that the acts complained of are (1) remote in time insofar as the date of separation is concerned; or are (2) pretty sparse in the totality of a 30-year marriage; or (3) occurred after the separation precipitated by her; or (4) were in part provoked by her.

For example, the defendant is said to have used vile language towards the plaintiff in 1971, 2 years before they separated. He also suggested that she clean the recreation room in 1972. Five years before the separation, he threatened to leave her and sell the home. On some three occasions he allegedly belittled her in the presence of friends, but these were some 4 years before the separation.

Throughout the marriage the parties have had difficulty in communicating, and would avoid each other, the defendant often writing notes instead of communicating orally. He also sometimes drank on the way home from work. Money was also a problem. He gave her little and she had to ask for it, so she worked to support herself and their children. The plaintiff's testimony as to her mental pain and anxieties, nervousness and irritability related to events occurring after their separation which she herself imposed. The evidence also suggested that the plaintiff's nagging, fits of anger and breaking off of communications precipitated the defendant's profanity, indifference and drinking.

The obvious fact is that, regardless of fault, this marriage is dead and the parties do not intend to and probably will never again live together as husband and wife. But under the present state of the law in Illinois this is not enough.

As was said by Mr. Justice Davis, in *Stanard v. Stanard* (1969), 108 Ill. App.2d 240, 249, 247 N.E.2d 438, in reversing a decree granting a divorce:

> "Apparently, the trial court was moved by the fact that this marriage was obviously dead; that the parties had not lived together for some time, and would not now do so; and that to permit the marriage to continue would 'simply be continuing an existence of a status which is a constant source of friction.' The observations of the trial court are patently correct.
>
> However, as has been reiterated time and again, the law favors the preservation of the estate of marriage and will dissolve a marriage only upon sufficient proof of the grounds set forth under the statute. People ex rel. Doty v. Connell, 9 Ill.2d 390, 394, 137 N.E.2d 849 (1956); Kinsley v. Kinsley, 388 Ill. 194, 197, 57 N.E. 2d 449 (1944)."

In *Akin v. Akin* (1970), 125 Ill.App.2d 159, 167-68, 260 N.E.2d 481, the court, in reversing a decree of divorce, said:

> "We recognize, as the trial court apparently did, that divorce might be a better solution than separate maintenance, as the parties have apparently separated permanently without a chance for reconciliation. However, the wife elected to have her remedy in separate maintenance and is contesting the complaint for divorce. Divorce cannot be forced upon her, as divorce can only be granted upon sufficient proof of the grounds set forth under statute. Anything short of the requirements therein will not suffice. Stanard v. Stanard, 108 Ill.App.2d 240, 249, 247 N.E.2d 438."

In *Quilty v. Quilty* (1972), 5 Ill.App.3d 801, 803, 284 N.E.2d 690, in reversing a decree of divorce, the court said:

> "Conduct to be considered extreme and repeated mental cruelty

must be such as to cause embarrassment, humiliation and anguish so as to render life miserable and unendurable or to cause the plaintiff's life, person, or health to be endangered. *Stanard v. Stanard,* 108 Ill.App.2d 240, 247 N.E.2d 438; *Hayes v. Hayes,* 117 Ill.App.2d 211, 254 N.E.2d 288 and *Akin v. Akin,* 125 Ill.App.2d 159, 260 N.E.2d 481.

After considering all of the evidence in its aspect most favorable to counterplaintiff it is our conclusion that there is an absence of evidence supporting counter-plaintiff's charges when considered in the light of the foregoing rules ⋆ ⋆ ⋆."

Again, in *Sharpe v. Sharpe* (1973), 9 Ill.App.3d 667, 670, 292 N.E.2d 566, in affirming the refusal of a divorce, this court said:

"Turning then to the instant case, the trial court was not impressed by the alleged acts of mental cruelty purportedly committed by the husband herein. In substance, the comments of the trial judge were that the Divorce Act of the State of Illinois had not yet reached the point where incompatibility would be the grounds for a divorce. The substance of plaintiff's testimony pertaining to mental pain and suffering, her loss of weight and use of tranquilizers arose after the separation of the parties, which separation does not appear to be voluntary on the part of the defendant, but at the request of the plaintiff.

While it is true that this marriage has doubtless reached the point where reconciliation is not possible, it is not the function of the courts to determine that parties to an impossible marriage situation are entitled to a divorce merely on the grounds that they cannot live together. It is the function of the legislative branch of the government of this State to determine whether or not divorces should be granted regardless of fault."

In *Farnbach v. Farnbach* (1971), 1 Ill.App.3d 74, 77, 273 N.E.2d 12, in reversing a decree of divorce, the court said:

"It has been repeatedly held that it is the duty of the State to guard the marital relation and that it be not lightly terminated. *In re Fisher,* 15 Ill.2d 139, 153 N.E.2d 832; *Johnson v. Johnson,* 381 Ill. 362, 370, 45 N.E.2d 625; *The People ex rel. Doty v. Connell,* 9 Ill.2d 390, 394, 137 N.E.2d 849; and *Kinsley v. Kinsley,* 388 Ill. 194, 197; 57 N.E.2d 449.

Accordingly, as stated in *Stanard,* even though the trial court might conclude that the marriage was 'obviously dead', it would not be authorized to excuse plaintiff from proving her case by competent evidence using the statutory grounds as a basis.

Plaintiff has failed to prove any intentional course of conduct

engaged in by defendant which was calculated to, or did in fact, result in injuring her physical or emotional health. Mere disagreement of the parties or disillusionment with the marriage is insufficient."

Perhaps the latest on this subject is *Gregory v. Gregory* (1974), 24 Ill. App.3d 436, 440-41, 321 N.E.2d 122, where this court, in reversing a decree of divorce, said:

"Our legislature has the sole power to determine what causes, if any, must be established in order for one of the State's residents to be entitled to a divorce. While other jurisdictions in recent years have recognized the countervailing consideration that much harm may result from a denial of a divorce where the marriage has ended in fact (24 Am. Jr. 2d *Divorce and Separation*, § 9), the public policy of our State is to preserve the marriage. (*Stanard v. Stanard*, 108 Ill.App.2d 240, 249 (1969).) The law in Illinois remains that a marriage should not be lightly terminated. A plaintiff is required to prove a statutory cause for divorce by competent evidence, even though the court might conclude the marriage to be dead. *McGowan v. McGowan*, 15 Ill.App.3d 913, 915 (1973).

　　　*　　*　　*

The record reveals that, under the law, neither party met the quantum of proof necessary to support a decree of divorce based upon mental cruelty. Plaintiff testified that at sporadic times during the marriage defendant's conduct embarrassed and humiliated him, but he failed to establish that defendant's conduct was calculated or obviously of a nature to torture, discommode or render his life unendurable or miserable and actually affected his physical and mental health. Incidents of humiliation, by themselves, are not sufficient to cause mental cruelty. Defendant's evidence on her counterclaim fails for the same reason."

The above quote from *Gregory* pretty well summarizes the situation in the case at bar.

As a result, although we agree that the marriage is dead, we conclude and hold that the trial court's finding that the defendant was guilty of extreme and repeated mental cruelty towards the plaintiff is contrary to the manifest weight of the evidence.

Accordingly, the decree is reversed.

Reversed.

SEIDENFELD, P. J., and GUILD, J., concur.