ELLEN J. KLAKK, Plaintiff-Appellee, *v.* LOUIS KLAKK, Defendant-Appellant.

Second District (1st Division)   No. 75-476

Opinion filed August 20, 1976.

Charles L. Hughes, of Aurora, for appellant.

George W. Prestbrey, of Aurora, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant, Louis Klakk, seeks to set aside the decree of divorce granted on the complaint of Ellen J. Klakk, his wife. He contends that the complaint fails to state a cause of action for divorce based on allegations of extreme and repeated mental cruelty and that the judgment is against the manifest weight of the evidence.

We conclude the proof is insufficient to establish grounds for divorce on the basis of the alleged mental cruelty.

The wife testified that she married defendant on January 17, 1961. She was then 40 years old and a widow. He was 14 years younger. The first 10 years of the marriage were uneventful. However, she said that her husband had gone back to Hungary approximately 3 or 4 years before the parties separated in 1974 following which the complaint was filed. When he returned he informed her that he no longer wished to remain married to her, but wished to marry a younger woman.

Plaintiff testified, without giving details, that defendant had struck her a "few times" during the marriage. She specifically testified that he struck her last on March 28, 1971, after which she left the house. She said that on that date defendant came home with a friend, grabbed her, and pushed her causing her to fall down resulting in a bruised and swollen ear. She said he told her he was going to kill her and then he was going out to kill her daughter and son-in-law. She said that he had a gun under the bed but didn't remember whether he got the gun out. However, she said that he went after the shells and that they were out on the bed when the police got to the house. She later returned to live with her husband at his request.

She said he had told her in the past 2 or 3 years that she was too old, fat and ugly and had wasted 14 years of his life. He objected to her children by a former marriage and plaintiff's daughter had not visited the home after the first separation. She said that although her husband knew that she could not have children when they married they had problems over this because he loves children. She further testified that he demanded his meals at 9, 10 or 11 p.m. although he finished work in the afternoon but that she refused this and would cook earlier dinners. On occasion he threw the dinner in the garbage.

Her husband's conduct caused her to be nervous and she was under a doctor's care for "nervous tension."

■■ The plaintiff had the burden of proving a course of abusive and humiliating treatment by the defendant which could be said to have been calculated or obviously of the nature to render her life miserable and to affect her physical and mental health. (See *Gregory v. Gregory*, 24 Ill. App. 3d 436, 440 (1975).) Conduct which merely causes embarrassment is, of course, insufficient to amount to mental cruelty. See *Matthews v. Matthews*, 36 Ill. App. 3d 508, 511 (1976).

The record shows that the questioning did not develop fully the chronology and details of defendant's course of conduct. The record, in fact, reveals that counsel on both sides were obviously not concerned greatly with either enlarging or questioning the details of the alleged conduct of the defendant as testified to by the plaintiff but were

principally concerned with the issues of property division and alimony. The plaintiff did not testify that she did not provoke defendant's acts except to say that she had been a good wife during the first 10 years of the marriage and had not refused to cook his meals.

■■ ■ It seems clear from the record that the parties cannot live together. However, this is an insufficient basis for entering a decree of divorce regardless of fault. (See *Sherman v. Sherman*, 38 Ill. App. 3d 664, 666 (1976).) The record is insufficient to establish that defendant's conduct was calculated or obviously of a nature to torture, discommode or render the plaintiff's life unendurable or miserable and to actually affect her physical or mental health. (*Lowrance v. Lowrance*, 31 Ill. App. 3d 682, 685 (1975); *Sharpe v. Sharpe*, 9 Ill. App. 3d 667 (1973). See also *Rosenbaum v. Rosenbaum*, 38 Ill. App. 3d 1, 12-13 (1976).) The trial court's finding that defendant was guilty of extreme and repeated mental cruelty which was unprovoked is against the manifest weight of the evidence.

We therefore reverse the judgment. In view of the almost casual manner in which the testimony was adduced, we deem it equitable however to remand the cause for a new trial.

Reversed and remanded.

GUILD, P. J., and HALLETT, J., concur.