(No. 50706.–

TWILA ANN STRUKOFF, Appellant, v. ROBERT STRUKOFF, Appellee.

*Opinion filed May 18, 1979.*

RYAN, J., took no part.

Lionel I. Brazen, of Chicago (Manuel Rosenstein, of counsel), for appellant.

James J. Reagan, of Northbrook, for appellee.

Albert E. Jenner, Jr., Marshall J. Auerbach, James H. Feldman, and Kathleen J. Purcell, of Jenner & Block, of Chicago, for *amici curiae* Albert E. Jenner, Jr., and Marshall J. Auerbach.

MR. JUSTICE WARD delivered the opinion of the court:

This appeal is from a holding by a judge of the circuit court of Cook County that section 403(e) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 403(e)) is an unconstitutional legislative encroachment upon the rulemaking powers of the judiciary. The appeal comes to us directly under our Rule 302(a). 58 Ill. 2d R. 302(a).

On July 14, 1977, the plaintiff, Twila Ann Strukoff, filed a complaint for divorce against the defendant, Robert Strukoff. The Illinois Marriage and Dissolution of Marriage Act (the Act) became effective on October 1, 1977, and by its terms was made applicable to all pending proceedings "with respect to issues on which a judgment has not been entered" (Ill. Rev. Stat. 1977, ch. 40, par. 801(b)). On November 19, 1977, the trial court, with the consent of the parties' attorneys, proposed that a hearing on the grounds alleged for dissolution of the marriage be conducted that morning and that, if grounds were found, the contested hearing with respect to the disposition of property and maintenance be held that afternoon. The transcript of proceedings shows the two hearings were conducted as the court had proposed.

A judgment of dissolution of marriage on the ground of desertion was entered, which judgment also contained various provisions for the disposition of the marital and nonmarital property and an award of temporary maintenance for the plaintiff. A post-trial motion was filed by the plaintiff in which she asked that the judgment be set aside and that a new trial be granted on the ground, *inter alia,* that the court had failed to conduct a bifurcated trial as provided for by section 403(e) of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 403(e)). After a hearing on the motion, the court modified the original judgment by awarding the plaintiff a homestead exemption of $5,000 in the family

residence, which the court had previously held to be nonmarital property and awarded to the defendant, but the court denied that portion of the motion which asked that the judgment be vacated and a new trial ordered. The trial court, *sua sponte,* further held section 403(e) of the Act to be unconstitutional. The grounds given were that the provisions in the section were mandatory upon trial courts and in violation of the judicial article of the Illinois Constitution of 1970 by predetermining "particular issues in cases and their priorities as to being heard by the Court." The court held that the bifurcation procedure mandated by section 403(e) was a matter properly to be provided for by the supreme court under its rulemaking authority.

No brief was filed here by the defendant, but the attorneys who co-drafted the Act have filed a brief *amici curiae* with respect to the constitutionality of section 403(e).

Section 403(e) of the Act provides:

> "Contested trials shall be on a bifurcated basis with the grounds being tried first. Upon the court determining that the grounds exist, the court shall allow not less than 48 hours for the parties to settle amicably the remaining issues before resuming the trial." (Ill. Rev. Stat. 1977, ch. 40, par. 403(e).)

We would observe that the record clearly discloses that there was a bifurcated trial. The question of the grounds for dissolution was tried in the morning, and the remaining issues were tried in the afternoon of the same day. There was noncompliance with the terms of section 403(e) only because there was no interval of at least 48 hours between the two hearings.

Article VI, section 1, of the Illinois Constitution of 1970 states: "The judicial power is vested in a Supreme Court, an Appellate Court and Circuit Courts." Judicial power is not defined in the Constitution, but all such

power is granted exclusively to the courts. (*People v. Jackson* (1977), 69 Ill. 2d 252, 256.) It is clear that this court possesses rulemaking authority to regulate the trial of cases. (See *People v. Jackson* (1977), 69 Ill. 2d 252, and cases cited; see generally Bonaguro, *The Supreme Court's Exclusive Rulemaking Authority,* 67 Ill. Bar J. 408-11 (1979); C. Korbakes, J. Alfini, & C. Grau, Judicial Rulemaking in the State Courts 56-60 (Am. Jud. Soc'y 1978); Note, *People ex rel. Stamos v. Jones: A Restraint on Legislative Revision of the Illinois Supreme Court Rules,* 6 J. Mar. J. Prac. & Proc. 382 (1973).) It should be noted that the situation here is not one in which the validity of a rule is challenged (*e.g., People v. Lobb* (1959), 17 Ill. 2d 287; *People v. Callopy* (1934), 358 Ill. 11), nor is it one in which a statute directly conflicts with a rule of this court (*e.g., People v. Jackson* (1977), 69 Ill. 2d 252; *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62).

Article II, section 1, of the Illinois Constitution of 1970 declares: "The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." The doctrine of separation of powers has been historically regarded by this court, "in theory and in practice," as meaning "that the whole power of two or more of the branches of government shall not be lodged in the same hands"; it does not contemplate that there are or should be "rigidly separated compartments" or "a complete divorce among the three branches of government" (*In re Estate of Barker* (1976), 63 Ill. 2d 113, 119). This court in *City of Waukegan v. Pollution Control Board* (1974), 57 Ill. 2d 170, 174-75, "after extensive examination of its earlier decisions and the proceedings of the 1970 Constitutional Convention" (*People v. Farr* (1976), 63 Ill. 2d 209, 213), stated:

"It has been generally recognized that separation of powers does not forbid every exercise of functions by one branch of government which

conventionally [are] exercised by another branch. Professor Frank Cooper (1 F. Cooper, State Administrative Law 16 (1965)) observes: '[T]he real thrust of the separation of powers philosophy is that each department of government must be kept free from the control or coercive influence of the other departments.' "

In *Agran v. Checker Taxi Co.* (1952), 412 Ill. 145, a statute requiring the giving of a five-day notice to every attorney of record prior to *ex parte* action to dismiss a case for want of prosecution was held invalid as a legislative encroachment upon the inherent judicial power to adjudge, determine and render a judgment. This court said: "The General Assembly has power to enact laws governing judicial practice only where they do not unduly infringe upon the inherent powers of the judiciary. (*People v. Callopy,* 358 Ill. 11.) Were this not true, a basic tenet of our democratic form of government would be destroyed, and the relevant constitutional provisions rendered nugatory. It is the undisputed duty of the court to protect its judicial powers from encroachment by legislative enactments, and thus preserve an independent judicial department." *Agran v. Checker Taxi Co.* (1952), 412 Ill. 145, 149.

But the situation in *Agran* was distinguished in *People ex rel. County Collector v. Jeri, Ltd.* (1968), 40 Ill. 2d 293, where the petitioner, relying on *Agran,* contended that a statutory requirement of attaching a transcript of evidence relating to the findings of the trial court to a court order for the issuance of a tax deed constituted a legislative infringement on "the power of the judiciary to regulate the day-to-day functions of courtroom procedure." (40 Ill. 2d 293, 295.) This court rejected the contention and, noting the dissimilarity from *Agran,* said that "proceedings relating to tax sales, redemptions and deeds are entirely statutory in origin and nature." (40 Ill.

2d 293, 301.) The court determined that the requirement in question was "but one of many statutory conditions upon which issuance of a tax deed is predicated. This requirement does not purport to direct how a court should decide cases nor does it circumscribe the power of a judge to determine facts and apply the law to them." 40 Ill. 2d 293, 302.

Like the proceeding involved in *People ex rel. County Collector v. Jeri, Ltd.* (1968), 40 Ill. 2d 293, dissolution of marriage is entirely statutory in origin and nature. (*People ex rel. Doty v. Connell* (1956), 9 Ill. 2d 390, 394; *People ex rel. Christiansen v. Connell* (1954), 2 Ill. 2d 332, 341; *McFarlin v. McFarlin* (1943), 384 Ill. 428, 430-31; see *Galvin v. Galvin* (1978), 72 Ill. 2d 113, 119.) The statement of this court in *McFarlin v. McFarlin* (1943), 384 Ill. 428, 430-31, illustrates this:

> "Courts of equity have no inherent power in cases of divorce. The jurisdiction of such courts to hear and determine divorce matters is conferred only by statute. While such courts may exercise their powers within the limits of the jurisdiction conferred by the statute, the jurisdiction depends upon the grant of the statute and not upon general equity powers."

The legislature has stated the purposes of the Act in the statute itself. They include the promotion of amicable settlements of disputes between parties to a marriage, the mitigation of potential harm to spouses and their children caused by the process of dissolution, the making of reasonable provision for spouses and minor children after litigation, and elimination of marital misconduct from consideration in the adjudication of rights and duties incident to legal dissolution of marriage. (Ill. Rev. Stat. 1977, ch. 40, par. 102.) The purpose of the specified waiting period between the hearings in contested trials, obviously in aid of the Act's general purposes, is to

encourage the amicable settlement of remaining issues. (Ill. Rev. Stat. 1977, ch. 40, par. 403(e).) The objectives of legislation of this character are unquestionably laudable (*Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 576; *People ex rel. Doty v. Connell* (1956), 9 Ill. 2d 390, 394), reasonable, and within the province of legislative power (*Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 576).

Supreme Court Rule 1 provides in part: "The rules on proceedings in the trial court, together with the Civil Practice Act and the Code of Criminal Procedure, govern all proceedings in the trial court, except to the extent that the procedure in a particular kind of action, such as attachment, is regulated by a statute other than the Civil Practice Act." (58 Ill. 2d R. 1.) Dissolution of marriage is a particular kind of action regulated in part by a statute other than the Civil Practice Act or our rules. Because of the nature of section 403(e) and because there is no conflict with a rule of this court, the procedural requirements of section 403(e) of the Act are not an unconstitutional legislative encroachment upon the rulemaking power of the judicial branch. We would note parenthetically that statutory provisions governing procedure are not uncommon (*e.g.,* Ill. Rev. Stat. 1977, ch. 38, par. 9—1(d) (separate sentencing hearing); Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—1 (fitness for trial or sentencing); Ill. Rev. Stat. 1977, ch. 40, pars. 1516, 1517 (adoption); Ill. Rev. Stat. 1977, ch. 45, par. 44 (suggestion of damages in ejectment); Ill. Rev. Stat. 1977, ch. 46, par. 23—13 (notice of intent to contest election); Ill. Rev. Stat. 1977, ch. 47, pars. 2.2(b), (c) (eminent domain); Ill. Rev. Stat. 1977, ch. 102, par. 14 (taxpayer suit to enjoin disbursement of public money)). See *People v. Spegal* (1955), 5 Ill. 2d 211, 221.

We consider that the parties could not waive the provision for an interval between the hearings called for by section 403(e). The language of the legislature is that the

court "shall allow not less than 48 hours for the parties to settle amicably the remaining issues before resuming the trial." (Ill. Rev. Stat. 1977, ch. 40, par. 403(e).) The provision is mandatory and not discretionary, and the noncompliance in the trial court will require reversal of the judgment as it relates to the second hearing. (The contentions of the plaintiff as to the property disposition ordered have not been argued and briefed by the defendant, and we shall not consider them in this opinion.)

An action for dissolution of marriage affects society, and it involves interests other than those of the parties themselves. (*People ex rel. Doty v. Connell* (1956), 9 Ill. 2d 390, 394.) In the light of the Act's purposes, we consider that the provision for bifurcated hearings and the interval to afford the parties an opportunity to settle amicably remaining questions are not unreasonable conditions in this statutorily created proceeding. (See *Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 576; *People ex rel. Doty v. Connell* (1956), 9 Ill. 2d 390, 396.) We do not see grounds to fear that prejudice to the parties or a party will be caused by the provisions we are considering. Marital misconduct may not be considered under the Act in regard to the disposition of property, maintenance, child support and child custody (Ill. Rev. Stat. 1977, ch. 40, pars. 503(c), 504(b), 505, 602(b)), and there could not reasonably be harm to a party under the Act by a separate, prior hearing on the claimed grounds for dissolution. Temporary relief is available under the Act to protect the rights of parties and their children in the event that the specified interval between the hearings might otherwise result in prejudice to their respective rights. (Ill. Rev. Stat. 1977, ch. 40, par. 501.) Too, the court may consider a party's dissipation of marital and nonmarital property in deciding on the division of property. Ill. Rev. Stat. 1977, ch. 40, par. 503(c)(1).

For the reasons given, the judgment of the trial court

is reversed, excepting that portion of the judgment which orders the dissolution of the marriage, and the cause is remanded for further proceedings consistent with this opinion.

*Affirmed in part and reversed in part and remanded.*

MR. JUSTICE RYAN took no part in the consideration or decision of this case.