*In re* MARRIAGE OF CONNIE L. McCAIN, Petitioner-Appellee, and DONALD J. McCAIN, Respondent-Appellant.

Fifth District   No. 79-60

Opinion filed August 31, 1979.

G. MORAN, J., specially concurring.

William C. Evers, III, of Collinsville, for appellant.

Lawrence L. Ruemmler, of Mt. Vernon, for appellee.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Washington County denying respondent, Donald J. McCain's, motion to vacate the judgment of dissolution of marriage entered by the court dissolving respondent's marriage to petitioner, Connie L. McCain.

Petitioner, Connie L. McCain, filed a petition for dissolution of marriage on April 18, 1978, a copy of which was served on respondent the following day. On May 25, 1978, respondent was found in default for failure to answer or otherwise appear, and a judgment of dissolution of marriage was thereafter entered on June 2, 1978.

Respondent, through his attorney, filed a motion to set aside the judgment of dissolution of marriage which motion was granted on July 31, 1978. Thereafter, respondent filed a response to the petition and a counterpetition for legal separation alleging, *inter alia*, that petitioner was unfit to have the care and custody of the couple's minor children and praying that the children be temporarily placed with the Illinois Department of Children and Family Services.

On July 31, 1978, respondent's attorney filed a motion for leave to withdraw which was granted on August 4, 1978. The order further recited that the cause was at issue and set the hearing on the petition and

counterpetition for August 18, 1978. Notices of the order were sent to all parties.

When the cause was called for hearing on August 18, 1978, respondent appeared without counsel, and the trial judge stated his reasons for allowing the motion of respondent's attorney for leave to withdraw. The trial judge also noted that he had personally handed respondent a copy of his order on the same day it was entered, August 4, 1978. Respondent thereupon requested a continuance until such time as he could secure another attorney, a request which he repeatedly renewed but which was denied by the trial court each time it was made. The court pointed out that the original judgment for dissolution had been set aside and that ample notice of the hearing had been given respondent.

Petitioner and her mother then testified on all issues including grounds, child custody and support, and division of property. Both witnesses were subjected to cross-examination on all issues by respondent. Respondent stated to the court at the close of petitioner's case that he did not object to the court's dissolution of the couple's marriage as he admitted there was no chance of reconciliation. At the court's suggestion, respondent took the stand and testified to his financial affairs and property ownership and voiced his opinion that petitioner should not be awarded custody of the parties' minor children.

At the close of the hearing, the trial court entered a judgment of dissolution of marriage in which custody of the couple's minor children was awarded to petitioner, subject to reasonable visitation by respondent. Respondent was ordered to pay child support in the amount of $20 per week and maintenance in the amount of $5 per year, subject to modification. The order also divided the property of the parties between them.

Respondent thereafter filed a motion to vacate the judgment of dissolution on grounds, *inter alia*, that the hearing had not been conducted on a bifurcated basis as required by statute. (Ill. Rev. Stat. 1977, ch. 40, par. 403(e).) The trial court denied the motion on December 7, 1978, from which order respondent appeals.

Section 403(e) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 403(e)) provides:

> "Contested trials shall be on a bifurcated basis with the grounds being tried first. Upon the court determining that the grounds exist, the court shall allow not less than 48 hours for the parties to settle amicably the remaining issues before resuming the trial."

In the instant cause, a bifurcated trial was neither held nor offered to the parties; instead, the court determined all of the issues after one hearing. Such a procedure is clearly violative of the mandate of section 403(e) of the Act.

Petitioner argues that a bifurcated hearing was not required in the trial court because both parties realized at the beginning of the hearing that the grounds would not be at issue. We disagree. The record clearly discloses that respondent was challenging petitioner's proof on the issue of grounds as well as all other issues as was evidenced by his cross-examination of petitioner and her mother. The fact that he ultimately informed the court that he no longer wished to challenge the grounds for dissolution or the entry of a judgment dissolving the marriage did not render his prior opposition to the matter a nullity. Moreover, he contested throughout the hearing the questions of child custody, child support, maintenance and division of the parties' property.

In *Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, 389 N.E.2d 1170, our supreme court held that the language of section 403(e) was mandatory and not discretionary, noncompliance with which would require reversal of the judgment as it relates to the issues of the second hearing. The parties in *Strukoff* in fact participated in a bifurcated trial; however, they consented that both hearings would be held on the same day in lieu of waiting the 48-hour interval as provided by section 403(e). The court held the parties could not waive the requirement and reversed the judgment of the trial court.

Petitioner argues that in spite of the holding in *Strukoff*, the instant case need not be reversed because the same result would be rendered on retrial. Thus, petitioner proposes a "harmless error" theory be applied. We neither find any support nor reason for adoption of such a view where, as here, the statute is clear in its mandate and is expressive of laudable intentions.

For the reasons stated, the judgment of the Circuit Court of Washington County is reversed, excepting that portion of the judgment dissolving the marriage of the parties, and the cause is remanded for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

JONES, P. J., concurs.

Mr. JUSTICE GEORGE J. MORAN, specially concurring:

I agree that this cause should be remanded to the trial court, but believe that it should be remanded for a hearing on all of the issues, including the dissolution of the marriage of the parties. Respondent-appellant objected to the hearing without being represented by counsel, but was denied this right. In my opinion this vitiates the whole proceeding.