JOHN S. PHALEN, d/b/a By-Rite Furniture, Plaintiff-Appellant, v. ERIC GROETEKE, Defendant-Appellee.

Third District    No. 3—97—0285

Opinion filed December 5, 1997.

Daniel J. Kallan, of Kallan & Grnacek, of Joliet, for appellant.

470

Eric Groeteke, of Springfield, for appellee.

JUSTICE SLATER delivered the opinion of the court:

The plaintiff, John Phalen, d/b/a By-Rite Furniture, filed a small claims action against the defendant, Eric Groeteke. The circuit court of Will County found that it did not have personal jurisdiction over the defendant because the plaintiff had failed to comply with Will County local rule 10.01(a)(2). 12th Judicial Cir. Ct. R. 10.01(a)(2) (eff. July 1, 1986). The plaintiff appeals, and we reverse and remand.

The record indicates that this case was filed in Will County on February 6, 1997. The court issued a summons which had a return date of February 19, 1997. The defendant apparently did not receive the summons, and the trial court issued an alias summons on February 19, 1997. The alias summons had a return date of March 19, 1997. On that day, the plaintiff appeared in court and requested that the case be continued until March 26, 1997, for proof of service. The continuance was granted. On March 26, 1997, the defendant did not appear in court. The plaintiff presented an affidavit stating that the summons was served on the defendant on March 16, 1997, three days before the alias return date of March 19, 1997.

The trial court indicated that the service of summons did not comply with local court rule 10.01(a)(2) and therefore the defendant had not been properly served. Rule 10.01(a)(2) requires that, in small claims cases, a summons may not be served later than five days before the date of appearance. The plaintiff argued that this rule conflicted with Supreme Court Rule 101(b) and was therefore invalid. 166 Ill. 2d R. 101(b). Supreme Court Rule 101(b) states that in cases for money damages of $50,000 or less, the summons may not be served later than three days before the day for appearance. 134 Ill. 2d R. 101(b). The trial court found that the rules were not in conflict. Therefore, it held that it did not have jurisdiction over the defendant because he had not been properly served.

On appeal, the plaintiff argues that the trial court erred when it held that no conflict existed between local rule 10.01(a)(2) and Supreme Court Rule 101(b).

Illinois Supreme Court Rule 21(a) vests circuit courts with the power to adopt local rules governing civil and criminal cases as long as: (1) they do not conflict with supreme court rules or statutes; and (2) so far as practical, they are uniform throughout the state. 134 Ill. 2d R. 21(a). A reviewing court will not interfere with the trial court's exercise of its authority under local rules in the absence of facts constituting an abuse of discretion. *Salazar v. Wiley Sanders Trucking Co.*, 216 Ill. App. 3d 863, 576 N.E.2d 552 (1991).

■ Under Illinois Supreme Court Rule 101(b), a plaintiff in a case involving less than $50,000 in damages has timely served a defendant if the summons was served at least three days before the date of appearance. 166 Ill. 2d R. 101(b). However, in Will County, service on the third day before the date of the appearance is invalid. 12th Judicial Cir. Ct. R. 10.01(a)(2) (eff. July 1, 1986). Will County's additional two-day requirement impermissibly imposes a greater burden on plaintiffs than that required by Supreme Court Rule 101. *People ex rel. Brazen v. Finley*, 119 Ill. 2d 485, 519 N.E.2d 898 (1988). In addition, the Will County rule promotes inconsistency in the state concerning the time frame for proper service, which also violates Supreme Court Rule 21(a). 134 Ill. 2d R. 21(a). For these reasons, we find that Will County local rule 10.01(a)(2) is invalid. Therefore, we find that the defendant was properly served and the trial court abused its discretion in finding that it did not have personal jurisdiction over him. Accordingly, the judgment of the circuit court of Will County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

LYTTON, P.J., and BRESLIN, J., concur.