GRACIELLA ACOSTA, Plaintiff-Appellant, v. STEVEN N. SHARLIN, Indiv. and d/b/a Advanced Podiatry Group, Defendant-Appellee.

Second District   No. 2—97—0335

Opinion filed March 19, 1998.

Robert J. Ronnbeck, of Kildeer, for appellant.

James K. Horstman, Barry L. Kroll, Rodney E. Vanausdal, James P. Johnston, and Lloyd E. Williams, Jr., all of Williams & Montgomery, Ltd., of Chicago, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, Graciella Acosta, appeals a grant of summary judgment for defendant, Steven N. Sharlin, individually and doing business as Advanced Podiatry Group, in a suit for healing art malpractice. Plaintiff argues that (1) the trial court erred in ruling on defendant's motion because defendant moved up the date of the hearing without giving her proper notice; and (2) summary judgment was substantively improper. We hold that the trial court should have granted plaintiff's motion to vacate the summary judgment. Therefore, without reaching plaintiff's second issue, we vacate and remand the cause for further proceedings.

Attorney Robert Ronnbeck filed plaintiff's complaint on August 2, 1994. Defendant entered his appearance, plaintiff filed a certificate of merit from a consulting health professional (see 735 ILCS 5/2—622 (West 1994)), and the court scheduled discovery. On July 24, 1995, the law offices of Patrick J. Salvi (Salvi) appeared as additional counsel for plaintiff. On September 18, 1996, the court allowed Salvi to withdraw and allowed plaintiff until October 9, 1996, to replace Salvi; Ronnbeck still represented her.

On February 10, 1997, defendant moved for summary judgment, alleging that plaintiff had yet to disclose any expert witness and could not prevail without expert testimony. Defendant's notice of motion, also filed on February 10, stated that, on February 19, 1997, his counsel would appear in court to present the motion.

Defendant soon rescheduled the hearing on his summary judgment motion. Defendant's "Re-Notice of Motion" (renotice), file-stamped February 18, 1997, stated that his counsel would present the previously filed motion on February 18, 1997. Defendant's attorney certified that on Friday, February 14, 1997, he mailed copies

of the renotice to the circuit court, Ronnbeck, and the law firm of Nilson, Stookal, Gleason & Caputo, Ltd. (Nilson). Nilson had earlier told defendant that it intended to request leave to appear on plaintiff's behalf and to continue the trial date.

At the hearing on February 18, 1997, the trial court denied Nilson's motion but granted defendant's motion for summary judgment. Ronnbeck did not appear at the hearing.

On March 5, 1997, plaintiff moved to vacate the grant of summary judgment and either continue the case or enter a voluntary dismissal. Plaintiff argued in part that the court should not have heard the summary judgment motion because defendant's "re-notice" was not timely mailed; it would not have reached Ronnbeck until after the February 18 hearing. Ronnbeck was not in court on February 18 because he believed that only Nilson's motion was up for a hearing that day. Ronnbeck stated that, had this motion been denied, he would have moved for a voluntary dismissal before the court heard argument on the motion for summary judgment, which it had been scheduled to do on February 19. Ronnbeck asserted further that he would have responded to the summary judgment by informing the court that plaintiff had an expert who was in the process of completing a report.

Plaintiff attached a copy of Nilson's motion and an affidavit from Nilson lawyer William Caputo, who had agreed to take the case if he could obtain a continuance. Caputo stated in part that, on or about February 1, 1997, he sent defendant's counsel a copy of Nilson's motion. He had left defendant's counsel phone messages asking whether defendant would object to another continuance, but defendant's counsel did not return his calls.

Plaintiff also attached her response to defendant's Rule 213 requests (see 166 Ill. 2d R. 213) identifying her expert witnesses and summarizing their qualifications and opinions. This exhibit includes a report and the certificate of merit from podiatrist Michel Petersen. The response also identifies Paul Michael Arnow, M.D., as an expert, supplies his *curriculum vitae*, and states that Arnow would testify that plaintiff's condition resulted from defendant's delay in discovering and treating her infections. The trial court denied the motion to vacate, and plaintiff appeals.

Plaintiff argues that summary judgment was improper because she did not receive proper notice of the February 18, 1997, hearing on defendant's motion. According to plaintiff, she was denied her day in court because the renotice did not reach her attorney until the morning of the hearing day, depriving him of a proper opportunity to oppose the motion. We hold that fairness required the trial court to

grant plaintiff's motion to vacate the summary judgment, in part because the notice defendant supplied of the new hearing date was at best of questionable validity.

■ Under Supreme Court Rule 12(c) (145 Ill. 2d R. 12(c)), service by mail is complete four days after mailing. The language of Rule 12(c) does not provide any details regarding how the four-day period is computed. However, the four-day period is generally calculated by excluding the day on which the notice is mailed and including the following four days after the notice is mailed. See, *e.g., Tannenbaum v. Lincoln National Bank*, 143 Ill. App. 3d 572, 575 (1986) (where motion and notice of motion were mailed March 5, 1984, service was complete on March 9, 1984); *F.J. Pechman, Inc. v. Oldham*, 86 Ill. App. 3d 1018, 1021 (1980) (where request for admissions and proof of service were mailed on February 6, 1979, service was completed on February 10, 1979).

■ In the instant case, the trial court found that defendant mailed the renotice on February 14, 1997. In light of the aforementioned principles, service of the renotice was therefore effectuated February 18, 1997, for a hearing scheduled for 9:15 a.m. on that day. Also, as there was no mail delivery from February 15-17 (being a weekend followed by a federal holiday), the earliest plaintiff's attorney could have received the renotice was the day of the hearing—perhaps even after the hearing had taken place. We doubt seriously whether this notice was timely at all; however, even if technically sufficient, it was so slight that equity will not allow the grant of summary judgment to stand.

The supreme court rules do not specify how far ahead a party must supply notice of a hearing on a motion for summary judgment. However, under the applicable circuit court rule, a motion for summary judgment shall not be heard until 10 days after service of the motion under Supreme Court Rule 11 (145 Ill. 2d R. 11). 19th Judicial Cir. Ct. R. 2.03(g) (eff. August 4, 1989). Plaintiff did not raise this defect, so we do not rely primarily on the violation of the circuit court rule. However, defendant's gross violation of the rule is some evidence that the proceedings leading to the entry of summary judgment were irregular at best.

*Kirk v. Michael Reese Hospital & Medical Center*, 275 Ill. App. 3d 170 (1995), applies here. In *Kirk*, a medical malpractice case, the defendants received summary judgment because the plaintiff's expert did not form an opinion by the time of the summary judgment hearing. The plaintiff moved timely to vacate, attaching an affidavit from her witness stating that he had formed an opinion and could testify for the plaintiff. The trial court denied the motion. Reversing, the ap-

pellate court observed that the controlling consideration was fairness, which required allowing the motion to reconsider. The court noted that, although the plaintiff did not have a proper expert witness when the summary judgment motion was heard, her counsel promptly obtained a properly qualified expert whose affidavit showed that he could give the expert opinion testimony the plaintiff needed. Given the judicial preference for deciding cases on their merits, it would be unfair to uphold summary judgment under these circumstances. Therefore, the court allowed the reconsideration of the defendants' motion for summary judgment. *Kirk*, 275 Ill. App. 3d at 173-74.

The equitable considerations in favor of vacating the summary judgment here are at least as strong as in *Kirk*. Plaintiff's timely motion to vacate demonstrates that she had secured the needed expert opinions. Moreover, unlike the situation here, it does not appear that the plaintiff in *Kirk* had inadequate notice of the hearing on the summary judgment motion. Fairness requires that the plaintiff receive a chance for a ruling on the merits rather than what amounts to a dubiously grounded procedural default.

Defendant argues that, contrary to the contemporaneous certificate of mailing, his counsel actually hand delivered the renotice to plaintiff's counsel on February 14, 1997. Defendant made a similar argument in his motion to amend the record. The trial court refused the motion; lacking any record of the hearing on this motion, we shall not disturb that decision. In any event, we would still conclude that equity requires this court to vacate the grant of summary judgment.

The judgment of the circuit court of Lake County is vacated, and the cause is remanded for further proceedings.

Vacated; cause remanded.

GEIGER, P.J., and RATHJE, J., concur.