THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES W. OWEN, Defendant-Appellant.

Fifth District   No. 5—00—0277

Opinion filed July 18, 2001.

J. Preston Owen, of Owen & Owen, of Mattoon, for appellant.

Kevin S. Parker, State's Attorney, of Effingham (Norbert J. Goetten, Stephen E. Norris, and T. David Purcell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOPKINS delivered the opinion of the court:

James W. Owen (defendant) appeals from the trial court's denial of his motion to rescind a statutory summary suspension (625 ILCS 5/2—118.1 (West 2000)) entered in conjunction with charges of driving under the influence of alcohol and drugs (625 ILCS 5/11—501(a)(4) (West 2000)). On appeal, defendant argues that the trial court erred in denying his motion to rescind the statutory summary suspension, because the arresting officer was outside his jurisdiction at the time of the arrest and the officer failed to notify the law enforcement officials in the county of the arrest. We affirm.

## I. FACTS

The facts are not disputed. On January 27, 2000, Officer Robert Rich of the Effingham County sheriff's office was on patrol on Route 45, close to the county line between Effingham County and Shelby County. Officer Rich spotted defendant driving south in Effingham County and used his radar detection gun to clock defendant traveling 67 miles per hour in a 55-mile-per-hour speed zone. Officer Rich turned his vehicle around to attempt to stop defendant for speeding. Officer Rich waited to activate his emergency lights until defendant went around a curve in the road. As defendant was negotiating the curve, Officer Rich noticed defendant's car run off the right side of the road and then maneuver back onto the road. The officer activated his emer-

gency lights, and defendant pulled over. By the time Officer Rich caught up with defendant, they were in Shelby County.

Officer Rich walked to defendant's car and asked defendant for his driver's license and registration. As Officer Rich was talking to defendant, he noticed that defendant smelled of alcohol. When the officer asked defendant if he had been drinking, defendant admitted that he had one beer. Defendant agreed to exit his vehicle and perform a field sobriety test.

When defendant got out of his car, Officer Rich noticed a plastic bag sticking out of defendant's pants at the waist. Defendant admitted that the bag contained "crystal meth." Officer Rich placed defendant under arrest and transported defendant and his passenger back to Effingham County to process the arrest.

After arriving at the Effingham County correctional facility, Officer Rich asked defendant to submit to a field sobriety test, but defendant refused. Officer Rich then read the warning to motorists that advised defendant of his rights and liabilities when taking or refusing tests for blood-alcohol content. Defendant refused to submit to blood testing. Officer Rich issued defendant tickets for possession of cannabis in the amount of 10 to 30 grams, possession of a controlled substance, possession of drug paraphernalia, driving under the influence of drugs and alcohol (DUI), speeding, and illegal transportation of alcohol. Officer Rich wrote the tickets as if defendant were arrested in Effingham County rather than in Shelby County. At no time did Officer Rich notify Shelby County law enforcement officials of the arrest of defendant in Shelby County.

Defendant filed several motions attacking his arrest, all of which were based upon Officer Rich's failure to notify the Shelby County authorities of his arrest. All of those motions were denied. Defendant appeals from the denial of his motion to rescind his statutory summary suspension of his driving privileges.

## II. ANALYSIS

●1 The statutory provision that controls this case is section 107—4 of the Code of Criminal Procedure of 1963, which provides, in pertinent part, as follows:

"Arrest by peace officer from other jurisdiction.

(a) As used in this Section:

\* \* \*

(4) 'Law enforcement agency' means a municipal police department or county sheriff's office of this State.

(a—3) Any peace officer employed by a law enforcement agency of this State may conduct temporary questioning pursuant to Section 107—14 of this Code and may make arrests in any jurisdiction

within this State if: (1) the officer is engaged in the investigation of an offense that occurred in the officer's primary jurisdiction and the temporary questioning is conducted or the arrest is made pursuant to that investigation; or (2) the officer, while on duty as a peace officer, becomes personally aware of the immediate commission of a felony or misdemeanor violation of the laws of this State. While acting pursuant to this subsection, an officer has the same authority as within his or her own jurisdiction.

(a—7) The law enforcement agency of the county or municipality in which any arrest is made under this Section shall be immediately notified of the arrest." 725 ILCS 5/107—4 (West 2000).

Defendant argues that Officer Rich's failure to notify the Shelby County sheriff's office invalidates his arrest and entitles him to a rescission of his statutory summary suspension. According to defendant, in order to properly suspend his driver's license, his arrest must have been valid. See 625 ILCS 5/2—118.1(b)(1) (West 2000). Defendant contends that since his arrest was invalid, the trial court's denial of his motion to rescind the statutory summary suspension was improper and should be reversed.

The State counters that the language of the statute does not require the extreme measure of dismissing the charges against defendant or, in this instance, rescinding the statutory summary suspension. No cases in Illinois interpret the notice provision of the statute (725 ILCS 5/107—4(a—7) (West 2000)). Therefore, we will discuss this issue in terms of how it relates to the rescission of a statutory summary suspension and also in terms of a dismissal of the charges, the relief defendant requested in the trial court.

•2 When a person is arrested for DUI, his driving privileges are automatically suspended under the Illinois Vehicle Code. 625 ILCS 5/11—501.1(e) (West 2000). Under section 2—118.1(b)(1) of the Illinois Vehicle Code, within 90 days after the defendant is notified of his statutory summary suspension, he may request to have the statutory summary suspension rescinded. 625 ILCS 5/2—118.1(b) (West 2000). The hearing on the request for rescission is limited to four issues, one of which is whether the defendant was arrested for DUI. 625 ILCS 5/2—118.1(b)(1) (West 2000). The arrest referred to in section 2—118.1(b)(1) "must be a lawful and valid arrest." *People v. Krueger*, 208 Ill. App. 3d 897, 904 (1991). "The Secretary [of State]'s power to impose a summary license suspension is derived from the statute, and we decline to read the statute as, in effect, authorizing unconstitutional arrests or searches and the imposition of new deprivations based on those unconstitutional arrests or searches." *Krueger*, 208 Ill. App. 3d at 905. In *Krueger*, the arrest violated the defendant's right to

be free from unconstitutional searches and seizures because the defendant was arrested inside his home without a warrant. *Krueger*, 208 Ill. App. 3d at 899.

In the case at bar, defendant admits that Officer Rich had the authority to arrest him in Shelby County, based upon the officer's observation of a traffic offense committed in Effingham County and other offenses committed in Shelby County. However, defendant claims that the officer's failure to notify the Shelby County authorities of the arrest automatically invalidates the arrest, without any other showing of prejudice or constitutional infirmity. This argument is without merit.

●3 The statute does not prescribe any sanction for the failure to comply. The statute provides only, "The law enforcement agency of the county or municipality in which any arrest is made under this Section shall be immediately notified of the arrest." 725 ILCS 5/107—4(a—7) (West 2000). Defendant nevertheless contends that the language of the above-quoted statute demonstrates that the legislature clearly intended to safeguard the rights of defendants who are arrested in one jurisdiction by law enforcement officers from a different jurisdiction. Defendant claims that no sanction other than invalidating the arrest guarantees the accused his substantive due process right to the notification provided for in the statute. This argument is flawed for two reasons: the notification provided for in the statute is not a substantive right, and invalidating the arrest is not a requirement of the statute.

Defendant relies upon *People v. Ciesler*, 304 Ill. App. 3d 465 (1999), for the contention that the notification provision of section 107—4 is a substantive right. In *Ciesler*, the court held that section 107—4 was invalidated under *People v. Reedy*, 186 Ill. 2d 1 (1999), for a violation of the single-subject rule. *Ciesler*, 304 Ill. App. 3d at 469. The court in *Ciesler* also determined that although section 107—4 was reenacted by Public Act 90—593 (Pub. Act 90—593, § 30, eff. June 19, 1998 (1998 Ill. Laws 1348-50)), the reenacted version of the statute did not apply to the officer's arrest of the defendant outside of her jurisdiction because the amendment would not apply retroactively:

> "Because section 107—4 governs the propriety of an arrest, it affects substantive rights, not merely procedures. Therefore, section 107—4 as amended by Public Act 90—593 does not apply retroactively; rather, it applies to a given case only where the alleged offense was committed after the effective date of the amendment."
> *Ciesler*, 304 Ill. App. 3d at 469.

Defendant latches onto the reference to "substantive rights" in *Ciesler* and argues that since the arrest is the starting point in the judicial

process, if the arrest is improper, there is no other sanction short of invalidating the arrest that can restore the rights of the accused.

We do not agree with defendant that the "substantive rights" referred to in *Ciesler* apply to the notification provision of subsection (a—7) (725 ILCS 5/107—4(a—7) (West 2000)). Rather, the term "substantive rights" refers to the arrest procedures themselves, rather than to the notification required after the arrest. The notification process allows law enforcement agencies to cooperate with each other regarding the defendant's arrest, but it does not add anything to the defendant's arrest rights. A defendant arrested under section 107—4 has an entire body of constitutional and statutory law to protect his arrest rights, regardless of whether the arresting officer complies with the notice provision of subsection (a—7). If any of a defendant's arrest rights (725 ILCS 5/103—1 (West 2000)) are violated, that defendant has the right to request the court to dismiss the charges against him (725 ILCS 5/114—1 (West 2000)), to quash the arrest (725 ILCS 5/114—12 (West 2000)), or both, and he may assert those rights whether section 107—4(a—7) notice is given or not.

Additionally, defendant fails to allege any prejudice occurring as a result of the failure of Officer Rich to notify the Shelby County authorities of the arrest made in their county. Defendant urges us to find that the failure to notify the authorities in the county in which the arrest is made automatically invalidates the arrest, even without any allegation of prejudice and even though the notification is not required until after the "arrest is made" (725 ILCS 5/107—4(a—7) (West 2000)). Defendant does not cite authority for this proposition but simply concludes that nothing else will suffice to protect a defendant's rights under these circumstances. We do not agree that anything an officer does after an arrest should serve to automatically invalidate the arrest without any allegation of prejudice.

Defendant's argument also fails because nothing in the statute requires the drastic measure of invalidating an arrest when the notice provision of the statute is violated. Defendant claims that the statute is clear in its direction that the notification "shall" be made (725 ILCS 5/107—4(a—7) (West 2000)). However, defendant leaps to the illogical and unfounded conclusion that since the legislature did *not* specify any remedy for the violation of the subsection, the legislature must have intended to automatically invalidate the arrest if the arresting officer fails to comply with the subsection. This argument goes against well-founded rules of statutory construction.

Where the language of a statute is clear and unambiguous, it will be given effect without resort to other aids of construction. *People v. Woodard*, 175 Ill. 2d 435, 443 (1997). Criminal or penal statutes are to

be strictly construed in favor of an accused, and nothing should be taken by intendment or implication beyond the obvious or literal meaning of a statute. *Woodard*, 175 Ill. 2d at 444. Thus, since the legislature did not see fit to add language to section 107—4(a—7) to specify a sanction for an arresting officer's failure to notify the authorities of the county in which the arrest was made, we cannot add that language by judicial mandate.

Finally, invalidating an arrest is not justified for a violation of the notification requirement, even if we were at liberty to add the sanction. An example that effectively illustrates this point is found in *People v. Howell*, 60 Ill. 2d 117 (1975), and its progeny. In *Howell*, the defendant was arrested and confined in jail for 65 days without a preliminary hearing. *Howell*, 60 Ill. 2d at 118-19. The supreme court held that, without question, holding the defendant under a criminal charge for 65 days without a preliminary hearing or presenting his case to a grand jury violated the letter and intent of the 1970 Constitution (Ill. Const. 1970, art. I, § 7). *Howell*, 60 Ill. 2d at 119.

The *Howell* court considered what remedies were available to the defendant for violation of this constitutional right. The court stated, "The legislature has not fashioned a remedy of discharge for a violation of this section as it has for the violation of a defendant's right to a speedy trial." *Howell*, 60 Ill. 2d at 120. Since the legislature did not specify the remedy of a dismissal of the charge for the violation of a defendant's right to a prompt preliminary hearing, the court continued to follow earlier cases finding that a dismissal of the charge was not a remedy available to the courts. *Howell*, 60 Ill. 2d at 120.

This situation of a defendant having no constitutional or statutory remedy for the violation of his right to a prompt preliminary hearing existed until 1984, when the legislature enacted a statutory provision allowing the trial court to dismiss the charges against a defendant under these circumstances but also allowing the State to refile the same charges against the defendant and to hold the defendant in custody pending the refiling of the charges. Pub. Act 83—644, eff. January 1, 1984 (1983 Laws 4118-19) (adding Ill. Rev. Stat. 1983, ch. 38, pars. 114—1(a)(11), (e) (now 725 ILCS 5/114—1(a)(11), (e) (West 2000))); *People v. Clarke*, 231 Ill. App. 3d 504, 506 (1992). The court in *People v. Roby*, 200 Ill. App. 3d 1063, 1066 (1990), stated as follows:

> "[Before section 114—1(e) was enacted,] [o]ur courts repeatedly recognized that the fashioning of a remedy for such a violation was a subject for legislative rather than judicial action. [Citations.] However, those same courts repeatedly recognized that the remedy of dismissal of the charge with prejudice was not available to a defendant as a sanction for such a violation."

If charges against an accused may not be dismissed with prejudice for the violation of the accused's constitutional right to a prompt preliminary hearing, then an otherwise valid arrest cannot be invalidated for a lack of notice of that arrest to another law enforcement agency. For all of the reasons stated, we affirm the trial court's denial of defendant's request to rescind his statutory summary suspension.

Affirmed.

CHAPMAN, P.J., and WELCH, J., concur.