THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD O'NEIL, Defendant-Appellant.

Second District  No. 2—00—1477

Opinion filed May 3, 2002.

214

Donald J. Ramsell and Christopher B. Klis, both of Ramsell & Armamentos, of Wheaton, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and

Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and Gunta Z. Hadac, for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Edward O'Neil, appeals the trial court's order denying defendant's petition to rescind the statutory summary suspension of his driving privileges. The trial court denied the petition to rescind before conducting a hearing because defendant failed to file his petition within 90 days after defendant was allegedly notified about the suspension. See 625 ILCS 5/2—118.1(b) (West 2000). On appeal, defendant argues that (1) the Secretary of State's (Secretary's) failure to send a prompt confirmation of the suspension prevented defendant from filing a timely petition; (2) the Secretary's failure to send a prompt confirmation of the suspension should toll the time defendant has to file his petition; and (3) the State's failure to advise defendant about the 90-day limitations period should toll the running of the limitations period or prevent the Secretary from suspending defendant's driving privileges. We reverse and remand.

On July 15, 2000, defendant was driving in the area of Cass Avenue and Norfolk when he was stopped for, among other things, driving while under the influence of alcohol (625 ILCS 5/11—501(a)(2) (West 2000)). At that time, defendant was given the warning to motorists, and, on that same date, the arresting officer prepared a "Law Enforcement Sworn Report." In the report, the arresting officer indicated that pursuant to section 11—501.1 of the Illinois Vehicle Code (Code) (625 ILCS 5/11—501.1 (West 2000)), the officer immediately served defendant with notice that defendant's driving privileges were summarily suspended. The sworn report was filed in the trial court on July 21, 2000. The report did *not* notify defendant that he had a right to a hearing to rescind the suspension.

On November 13, 2000, defendant filed a petition to rescind the statutory summary suspension of his driving privileges. Around December 1, 2000, the Secretary mailed defendant confirmation of his summary suspension. On December 4, 2000, the trial court denied defendant's petition to rescind the suspension of his driving privileges and ordered the Secretary to continue the suspension. The court denied the petition to rescind because it was untimely. In the trial court's view, the petition to rescind had to be filed 90 days after defendant was served with notice of the suspension. In reaching this conclusion, the trial court found that defendant was advised of the suspension on July 15, 2000, the date he was arrested. This appeal followed.

Defendant first asserts that the trial court erred when it denied him a hearing on his petition to rescind the statutory summary suspen-

sion of his driving privileges. Defendant claims that he was denied procedural due process when the Secretary failed to give defendant timely confirmation of the suspension. According to defendant, the Secretary's failure to inform him about the suspension in a timely manner caused defendant to file his petition late. Defendant argues that he should not be required to file his petition within the statutory 90-day period because the Secretary failed to send prompt confirmation of the suspension.

■ Both parties cite to several statutes that are instructive. Section 2—118.1(a) of the Code (625 ILCS 5/2—118.1(a) (West 2000)) details when a defendant's suspension becomes effective as follows:

"A statutory summary suspension of driving privileges under Section 11—501.1 shall not become effective until the [defendant] is notified in writing of the impending suspension *and informed that he may request a hearing in the circuit court of venue* under paragraph (b) of this Section and the statutory summary suspension shall become effective as provided in Section 11—501.1." (Emphasis added.)

■ Section 2—118.1(b) of the Code (625 ILCS 5/2—118.1(b) (West 2000)) details the length of time a defendant has to file a petition to rescind the summary suspension. Specifically, section 2—118.1(b) provides:

"Within 90 days after the notice of statutory summary suspension served under Section 11—501.1, the [defendant] may make a written request for a judicial hearing in the circuit court of venue." 625 ILCS 5/2—118.1(b) (West 2000).

The provisions of section 2—118.1(a) of the Code must be read in conjunction with section 11—501.1 of the Code, because section 11—501.1 forms the foundation upon which a summary suspension may be entered. *People v. Wireman*, 181 Ill. App. 3d 385, 388 (1989). Section 11—501.1(f) of the Code (625 ILCS 5/11—501.1(f) (West 2000)) indicates how and when a defendant becomes informed about the suspension as follows:

"The law enforcement officer submitting the sworn report under paragraph (d) shall serve immediate notice of the statutory summary suspension on the [defendant] and the suspension shall be effective [on the forty-sixth day following the date the notice was given.]"

■ When interpreting statutes, we must ascertain and give effect to the legislature's intent. *People v. Hart*, 313 Ill. App. 3d 939, 941 (2000). The statutory language is the best guide to uncovering the legislature's intent. *People v. Eidel*, 319 Ill. App. 3d 496, 502 (2001). If the statutory language is clear and unambiguous, we must follow it without resorting to aids of construction. *Hart*, 313 Ill. App. 3d at 941.

Criminal statutes must be construed in favor of the defendant, and nothing in the statute should be taken by intendment or implication beyond the obvious or literal meaning of the statute. *People v. Owen,* 323 Ill. App. 3d 653, 658-59 (2001).

■ Applying these principles of statutory construction to the above-referenced statutes, we note that nothing in the statutes here provides for a time in which the *Secretary* must notify defendant about the suspension of his driving privileges. Moreover, nothing in the statutes states that the *Secretary* must tell the defendant that he has 90 days to file his petition to rescind his statutory summary suspension. If we were to read these specifications into the statute, we would violate the rule of construction against reading into statutes conditions that the legislature did not intend. *Hart,* 313 Ill. App. 3d at 942. Because there is no requirement that defendant be informed by the Secretary of State about the limitations period or receive confirmation of the suspension within a specific time period, we cannot conclude that the Secretary's failure to send a prompt confirmation of the suspension prevented defendant from filing his petition on time.

Defendant next argues that the Secretary's failure to send timely confirmation of the suspension should toll the 90 days within which defendant had to file his petition to rescind the summary suspension of his driving privileges. In making his argument, defendant relies on *People v. Schaefer,* 154 Ill. 2d 250 (1993), and section 11—501.1(h) of the Code (625 ILCS 5/11—501.1(h) (West 2000)).

In *Schaefer,* the court determined that a defendant must serve the trial court and the State with notice of the petition to rescind the summary suspension of the defendant's driving privileges, and once that notice is served, the 30 days within which a hearing must be held commence to run. *Schaefer,* 154 Ill. 2d at 261. The court noted that if the defendant was responsible for any delay in filing the petition, the delay would be attributable to the defendant, and the defendant would not be entitled to the automatic rescission of the summary suspension. *Schaefer,* 154 Ill. 2d at 270.

■ Here, defendant argues that these principles should be applied in this cause, and the Secretary should be required to comply with the relevant statutes before defendant's obligation to file a petition within 90 days is triggered. Defendant argues that the Secretary's duties are delineated in section 11—501.1(h) of the Code, which provides that the Secretary is required to confirm the summary suspension by mailing a notice of the effective date of the suspension to the defendant and the trial court.

The problem with defendant's argument is that the relevant statutes do not indicate any time period within which the *Secretary*

must send confirmation of the suspension. Without such a time limit, we cannot toll the 90-day limitations period for the *Secretary's* failure to send a timely confirmation of the suspension. See *Owen*, 323 Ill. App. 3d at 657-59 (in driving-while-under-the-influence case court could not grant the defendant's request to invalidate his arrest because invalidating the arrest was not a sanction provided under the relevant statute).

■ Last, defendant asserts that the State was required to advise him of the 90-day period within which he had to file his petition to rescind his summary suspension. Defendant notes that a suspension shall not become effective until a defendant is notified in writing about the suspension and told that he has a right to request a hearing. See 625 ILCS 5/2—118.1(a) (West 2000). Defendant claims that his right to notice concerning these issues extends to a right to be informed about the 90-day period within which a defendant must file a petition to rescind the summary suspension. Under the circumstances of this case, we determine that the State's failure to notify defendant of his right to a hearing to rescind the suspension is dispositive of this appeal.

The State argues that the plain meaning of section 2—118.1(b) of the Code does not require it to advise a defendant about the 90-day limitations period. The State also notes that defendant was notified about the suspension when he was arrested for driving while under the influence of alcohol, and, thus, the 90 days within which defendant had to file his petition began to run when the arresting officer advised defendant about the suspension. The State's argument misses the point. The notification that is required under subparagraph (a) is twofold. Merely notifying the defendant of the suspension does not go far enough to *start* a 90-day limitations period. The 90-day limitations period relates to the deadline for filing a petition to rescind. Without telling the defendant of the right to file a petition to rescind, the 90-day deadline has no meaning. Except for statutes of repose, it is axiomatic that a time limit should not commence until the party to be affected is apprised of the right or duty that must be exercised within said time limit. Since the defendant here was not apprised of his right to file a petition to rescind, the alleged necessity of notifying the defendant of the 90-day limitation is immaterial.

Although the *Secretary* may not be the individual required to notify the defendant under section 2—118.1(a), the defendant must be given notice by someone or something in order for the 90-day time limitation to commence. The notice form given to the defendant by the officer on the date of the arrest *did not provide any notice whatsoever regarding the defendant's right to a hearing to rescind the suspen-*

*sion*. Therefore the court's determination that the 90-day limitation had run is incorrect.

Given the facts presented in this case, we conclude that the trial court erred when it denied defendant a hearing on his petition. Here, the petition to rescind was not filed more than 90 days from the time the defendant received his first written notice that he had a right to file a petition to rescind. Therefore, we determine that under section 2—118.1(a) the petition was timely filed.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

BOWMAN and BYRNE, JJ., concur.