No. 2--04--0730

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE      ) Appeal from the Circuit Court

OF ILLINOIS,      ) of Kane County.

 )

Plaintiff-Appellee,      )

      )

v.      ) No. 02--DT--1012

      )

BRIAN RAY BYWATER,      ) Honorable

      ) James C. Hallock,

Defendant-Appellant.      ) Judge, Presiding.

______________________________________________________________________________

JUSTICE KAPALA delivered the opinion of the court:

Defendant, Brian Ray Bywater, was charged with driving without proof of insurance (625 ILCS 5/3--707(a) (West 2002)), improper lane usage (625 ILCS 5/11--709(a) (West 2002)), and two counts of driving while under the influence of alcohol (DUI) (625 ILCS 5/11--501(a)(1), (a)(2) (West 2002)).  He petitioned to rescind the statutory summary suspension of his driving privileges, serving notice of the petition on the State by mail.  On the date the petition was set for hearing, defendant moved to dismiss the summary suspension because he was not given a hearing within 30 days after filing his petition with the clerk of the circuit court (see 625 ILCS 5/2--118.1(b) (West 2002)).  The trial court denied the motion to dismiss, finding, pursuant to a circuit court rule, that the 30-day period during which a hearing must be held commenced when defendant appeared in open court to request a hearing, not when he filed his petition with the clerk of the circuit court.  The trial court also ruled that, for purposes of calculating the applicable time period, service of the petition on the State was not effective until four days after defendant mailed notice of the petition to the State.  Ultimately, the trial court denied defendant's petition to rescind.  On appeal, defendant challenges the denial of his motion to dismiss, claiming that the circuit court rule upon which the trial court relied is invalid because it conflicts with section 2--118.1(b) of the Illinois Vehicle Code (Code) (625 ILCS 5/2--118.1(b) (West 2002)) and places on a defendant who wishes to rescind his suspension the additional burden of appearing in open court to request a hearing.  Defendant then contends that, assuming the circuit court rule is inapplicable, the trial court should have granted his motion to dismiss the summary suspension because he was not given a hearing within 30 days after the petition was filed with the clerk of the circuit court.  To this end, defendant argues that the time between the filing date of the petition and the date on which the State was notified of it did not extend the 30 days in which he was entitled to a hearing.  We affirm.

I.  BACKGROUND

On June 29, 2002, defendant was arrested for DUI.  As a result, he received notice that his driving privileges would be summarily suspended beginning August 14, 2002.  On July 11, 2002, defendant filed with the clerk of the circuit court a written petition to rescind the summary suspension, serving notice of the petition on the State by mail pursuant to Supreme Court Rule 12(b)(3) (145 Ill. 2d R. 12(b)(3)).  On July 18, 2002, the State moved to continue the case, and the trial court granted the motion, setting August 14, 2002, as the next court date.  The trial court's order provided that service of the petition on the State was effective July 15, 2002.  This finding was based on Supreme Court Rule 12(c) (145 Ill. 2d R. 12(c)), which provides that service by mail is complete four days after mailing.  As such, the date set for the hearing was within 30 days of the effective date of notice upon the State.

On August 14, 2002, defendant moved to dismiss the summary suspension, arguing that the 30 days in which a hearing on his petition must be held was not tolled by his mailing notice of the petition to the State.  After hearing arguments from both parties, the trial court 
sua sponte
 noted that Sixteenth Judicial Circuit Court Rule 34.05(b) (16th Jud. Cir. Ct. R. 34.05(b) (eff. October 5, 1988)) provides that a request for a hearing on a petition to rescind a summary suspension shall be made only in open court.

In response, defendant's attorney claimed that circuit court rule 34.05(b) was no longer valid because it conflicted with caselaw and section 2--118.1(b) of the Code.  The trial court disagreed and denied defendant's motion to dismiss, finding circuit court rule 34.05(b) applicable and controlling.  Defendant appealed the order denying his motion to dismiss, and his petition to rescind was stayed pending appeal.  On appeal, this court found appellate jurisdiction lacking because the order denying defendant's motion to dismiss was not final.  See 
People v. Bywater
, No. 2--03--0514 (2004) (unpublished order under Supreme Court Rule 23).

Soon afterwards, a hearing on defendant's petition to rescind was held, at which defendant renewed his motion to dismiss.  The trial court denied the renewed motion to dismiss, finding, again, that circuit court rule 34.05(b) does not contradict section 2--118.1(b) of the Code and that defendant's petition to rescind filed on July 11, 2002, was not a valid request for a hearing on the petition because it was not brought in open court.  As July 18, 2002, was the earliest date on which defendant could have appeared in open court to request a hearing, his subsequent hearing on August 14, 2002, was timely because it fell within the 30-day time limit.  After the hearing, the trial court denied defendant's petition to rescind his statutory summary suspension.  Defendant timely appeals the denial of his motion to dismiss.

II.  ANALYSIS

Defendant raises two issues on appeal.  First, defendant claims that circuit court rule 34.05(b) is invalid because it (1) conflicts with section 2--118.1(b) of the Code and (2) places an additional burden on a defendant who wishes to rescind his suspension, by requiring him to appear in open court to request a hearing.  Second, defendant argues that, assuming circuit court rule 34.05(b) is invalid, the trial court should have granted his motion to dismiss because he was not given a hearing within 30 days after the petition was filed.  Defendant contends that filing the petition with the circuit court, regardless of when the State is served with notice, commences the 30-day time limit in which a hearing must be held.  We will address each issue in turn.  

A.  Validity of Circuit Court Rule 34.05(b)

As an initial matter, we mention, as defendant notes in his reply brief, that the State responds only to the second issue, 
i.e.
, whether mailing notice to the State tolled the 30 days in which defendant was entitled to a hearing.  Based on the fact that the State has not addressed the validity of circuit court rule 34.05(b), defendant contends that the State has conceded that the rule is invalid.  We disagree.  Although this court has found that an appellee's failure to respond to an argument raised in the appellant's brief constitutes a concession (
Vukusich v. Comprehensive Accounting Corp.
, 150 Ill. App. 3d 634, 644  (1986)), reviewing courts are never bound by a party's concession.  See 
People v. Durdin
, 312 Ill. App. 3d 4, 6 (2000) (noting general rule that reviewing court is not bound by State's confession of error); see also 
People v. Stewart
, 66 Ill. App. 3d 342, 354 (1978).  Thus, we will consider the validity of circuit court rule 34.05(b).

In so doing, we first address our standard of review.  Citing 
Salazar v. Wiley Sanders Trucking Co.
, 216 Ill. App. 3d 863 (1991), defendant contends that we must review the trial court's order under an abuse of discretion standard.  In 
Salazar
, the issue was whether the trial court properly exercised its discretion under a circuit court rule.  
Salazar
, 216 Ill. App. 3d at 869.  Here, in contrast, the issue is the validity of the rule itself.  That is a question of law, and, thus, our review is 
de novo
.  See 
Woods v. Cole
, 181 Ill. 2d 512, 516 (1998)
.  

Section 28 of the Circuit Courts Act (Act) (705 ILCS 35/28 (West 2002)) defines what type of rules circuit courts may enact.  Specifically, circuit courts may make rules "for the orderly disposition of business before them as may be deemed expedient, consistent with law."  705 ILCS 35/28 (West 2002).  In line with section 28 of the Act, Supreme Court Rule 21(a) (134 Ill. 2d R. 21(a)) permits circuit courts to adopt their own rules if they are consistent with the supreme court rules and Illinois statutes and if, as far as practical, the circuit court rules are uniform throughout the state.  See 
Phalen v. Groeteke
, 293 Ill. App. 3d 469, 470 (1997).  Moreover, local rules must not place additional burdens on litigants, as compared to the requirements of the corresponding statutes or supreme court rules.  See 
Phalen
, 293 Ill. App. 3d at 471.  

In deciding whether circuit court rule 34.05(b) infringes upon section 2--118.1(b) of the Code, we must examine the content of both laws.  Circuit court rule 34.05(b) provides: 

"A request for hearing on a petition to rescind statutory summary suspension shall only be made in open court. ***  Any other practice shall not be considered a 'request for hearing' for purpose of commencing the thirty-day period within which the defendant/petitioner is entitled to a hearing under the applicable statute."  16th Jud. Cir. Ct. R. 34.05(b) (eff. October 5, 1988). 

Section 2--118.1(b) of the Code also addresses the 30-day time limit within which a hearing on a defendant's petition to rescind must be held.  That section provides, in pertinent part:

"Within 90 days after the notice of statutory summary suspension [is] served under section 11--501.1, the [defendant] may make a written request for a judicial hearing in the circuit court of venue.  *** Within 30 days after receipt of the written request ***, the hearing shall be conducted by the circuit court having jurisdiction."  625 ILCS 5/2--118.1(b) (West 2002).

Even a cursory review of circuit court rule 34.05(b) and section 2--118.1(b) of the Code reveals that each provision places different prerequisites on a defendant who seeks to request a hearing on a petition to rescind.  Circuit court rule 34.05(b) mandates that a defendant must appear in open court to request a hearing on a petition to rescind and that only such a request commences the 30-day time period in which a hearing must be held.  In contrast, section 2--118.1(b) of the Code provides that only a written request for a hearing, which may be filed with the circuit court clerk, begins the running of the 30-day time limit.  Given these divergent requirements for requesting a hearing, we conclude that circuit court rule 34.05(b) is inconsistent with section 2--118.1(b) of the Code.  

In addition to being inconsistent with section 2--118.1(b) of the Code, circuit court rule 34.05(b) improperly places an additional burden on a defendant who wishes to rescind his summary suspension, by requiring him to appear in open court to request a hearing.  On this point, we find instructive 
Kinsley v. Kinsley
, 388 Ill. 194, 198 (1944), where our supreme court found invalid a local rule requiring a party's appearance in court when the applicable statutes placed no such burden on that party.

In 
Kinsley
, the husband petitioned to dissolve his marriage, claiming that his wife committed adultery.  
Kinsley
, 388 Ill. at 194.  On the hearing date set for the petition to dissolve the marriage, the husband was on active duty with the armed forces and failed to appear.  Nevertheless, his attorney appeared on his behalf and sought to introduce evidence in support of the dissolution petition.  The trial court refused to admit any of the evidence because, pursuant to a local rule, the husband, as the petitioner, was required to appear in court.

Our supreme court found that the local rule improperly limited a trial court's power to enter a divorce decree because 
the applicable statutes permitted the trial court to dissolve a marriage, irrespective of the petitioner's presence in court, if it found that the parties were properly notified and that reliable witnesses fully proved the cause for dissolution.  
Kinsley
, 388 Ill. at 196-97.  In addressing the conflict between the local rule and applicable statutes, our supreme court noted that circuit courts may enact rules that regulate procedure and the administration of their own business.  
Kinsley
, 388 Ill. at 197.  However, "matters of substance which impose additional burdens upon a litigant, not contemplated by the statute, are invalid."  
Kinsley
, 388 Ill. at 197.  Because the local rule, by requiring the husband to appear in open court, placed a burden on the husband that the applicable statutes did not, our supreme court found the local rule invalid.  
Kinsley
, 388 Ill. at 198.

Here, as in 
Kinsley
, circuit court rule 34.05(b) placed an additional burden on defendant by requiring him to appear in open court to request a hearing.  As defendant notes in his brief, the Code places no such duty on a defendant, contemplating that a defendant may request a hearing before the first scheduled court date.  See 625 ILCS 5/2--118.1(b) (West 2002).  Given the inconsistencies and additional burden that circuit court rule 34.05(b) creates, we find circuit court rule 34.05(b) invalid.  See 
Phalen
, 293 Ill. App. 3d at 471 (observing that when there is a conflict between a local rule and a supreme court rule, the supreme court rule takes precedence and the local rule must be declared invalid).  Thus, the trial court erred in finding circuit court rule 34.05(b) applicable and controlling.

B.  Tolling of 30 Days in which Defendant was Entitled to a Hearing

Resolution of the validity of circuit court rule 34.05(b) does not end our analysis.  Rather, having found that a defendant who wishes to rescind a summary suspension need not appear in open court to request a hearing, we next consider whether mailing notice of the petition to rescind to the State tolled the running of the 30 days in which defendant was entitled to a hearing.

A defendant wishing to rescind a summary suspension must petition to do so within 90 days after being served with notice of the summary suspension.  625 ILCS 5/2--118.1(b) (West 2002).  Once a defendant files a petition to rescind, with service on the State, the State bears the burden of setting a hearing date within the statutory 30-day period.  
People v. Schaefer
, 154 Ill. 2d 250, 261 (1993).  If no hearing is held within that 30-day period, the defendant's suspension must be rescinded.  
Schaefer
, 154 Ill. 2d at 253, 262.  However, rescission is not required if the defendant caused the hearing to be delayed beyond the 30-day period. 
Schaefer
, 154 Ill. 2d at 253; 
People v. Lagowski
, 273 Ill. App. 3d 1012, 1016 (1995).

Here, defendant claims that the 30 days in which a hearing on his petition to rescind should have been held began to run on July 11, 2002, when he filed his petition in the circuit court of venue and placed the State's notice of the petition in the mail.  Citing Rule 12(c), the State contends that the 30-day time period commenced on July 15, 2002, four days after defendant mailed the notice of his petition.

Computing the 30 days in which a hearing on a defendant's petition to rescind must be held presents a question of law that we review 
de novo
.  
People v. Ribar
, 336 Ill. App. 3d 462, 463 (2003).  Rule 12(c) addresses service by mail, providing that "[s]ervice by mail is complete four days after mailing."  145 Ill. 2d R. 12(c).  Although the language of Rule 12(c) does not indicate how the four days is calculated, the four-day period generally is computed by excluding the day on which the notice is mailed and including the four days following that day.  
Acosta v. Sharlin
, 295 Ill. App. 3d 102, 105 (1998).

In this case, we determine, pursuant to Rule 12(c), that the running of the 30-day time period began once service on the State was complete, 
i.e.
, four days after the notice was placed in the mail.  This position is consistent with prior decisions issued by this court and our supreme court.  For example, in 
Schaefer
, our supreme court concluded that "the 30-day statutory period commences on the date of the filing of a proper petition to rescind in the circuit court of venue, 
with service on the State
, in accordance with the rules of this court."  (Emphasis added.)  
Schaefer
, 154 Ill. 2d at 261.  Relying on that language, this court determined, in 
People v. O'Neil
, 329 Ill. App. 3d 213, 217 (2002), that "a defendant must serve the trial court and the State with notice of the petition to rescind [his] summary suspension ***, and once that notice is served, the 30 days within which a hearing must be held commence to run."  In 
O'Neil
, we explained why a time limit in the summary suspension statute should begin to run only after service of notice was complete, noting that "it is axiomatic that a time limit should not commence until the party to be affected is apprised of the right or duty that must be exercised within said time limit."  
O'Neil
, 329 Ill. App. 3d at 218.  Clearly, where a defendant wishes to rescind a summary suspension, the State has the duty, 
i.e.
, setting a hearing date, that must be exercised within the 30-day time limit
.  
Schaefer
, 154 Ill. 2d at 261.  The State bears this burden because "[it] is in the best position to know court schedules, court dates for police officers, and the other matters incident to an orderly administration of [the summary suspension] legislation."  
Schaefer
, 154 Ill. 2d at 261.  Because the State must be apprised of the petition in order to fulfill its obligation to set a hearing date, we determine that the 30-day time period commenced on July 15, 2002, four days after notice was mailed to the State on July 11, 2002.  Defendant's hearing on August 14, 2002, fell within this time frame, and, thus, rescission was not required.

Citing Supreme Court Rule 1 (134 Ill. 2d R. 1), defendant argues that section 2--118.1(b) of the Code modifies Rule 12(c) by requiring that the hearing be held within 30 days after a defendant files a written petition to rescind in the circuit court.  Rule 1 provides, in relevant part:

"The rules on proceedings in the trial court, together with the Civil Practice Law and the Code of Criminal Procedure, shall govern all proceedings in the trial court, except to the extent that the procedure in a particular kind of action is regulated by a statute other than the Civil Practice Law."  134 Ill. 2d R. 1.

Here, section 2--118.1(b) of the Code does not address service on the State, but it does provide that summary suspension hearings shall proceed in the same manner as other civil proceedings.  See 625 ILCS 5/2--118.1(b) (West 2002); 
Schaefer
, 154 Ill. 2d at 257.  In other civil proceedings, service of various court filings is tolled four days after notice of the filing is mailed to the opposing party (see, 
e.g.
, 
Tannenbaum v. Lincoln National Bank
, 143 Ill. App. 3d 572, 575 (1986); 
F.J. Pechman, Inc. v. Oldham
, 86 Ill. App. 3d 1018, 1021 (1980)), and a party who must receive the filing before acting is granted, pursuant to Rule 12(c), an additional four days to respond (see, 
e.g.
, 
Royal Insurance Co. of America v. Insignia Financial Group, Inc.
, 323 Ill. App. 3d 58, 63 (2001) (four additional days given to party seeking to join appeal, when joining party received notice of appeal via mail)).
  Given the classification of summary suspension hearings as civil, we see no reason to treat petitions to rescind summary suspensions differently.

As mentioned above, both this court and our supreme court have concluded that notice to the State is a necessary antecedent in setting summary suspension hearings.  See 
Schaefer
, 154 Ill. 2d at 261; 
O'Neil
, 329 Ill. App. 3d at 217.  Based on this position, we cannot conclude that the date of filing a petition to rescind, irrespective of the date that service on the State is complete, begins the running of the 30-day period in which a summary suspension hearing must be held.  To hold otherwise would improperly burden the State's obligation to set a timely hearing date.

III.  CONCLUSION

In conclusion, we hold that circuit court rule 34.05(b) is invalid because it is inconsistent with section 2--118.1(b) of the Code and places an additional burden on defendants who wish to challenge their summary suspensions.  Moreover, we hold that, pursuant to Rule 12(c), mailing notice of a petition to rescind to the State tolls the 30 days in which a defendant seeking to rescind a summary suspension is entitled to a hearing.  

For these reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

McLAREN and GROMETER, JJ., concur.