Second Division
March 30, 2007

No. 1-05-3741

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellant | ) ) | |
| v. | ) ) | No. TG246268 |
| JOHN ATOU, | ) ) | Honorable Larry G. Axelrood |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE HALL delivered the opinion of the court:

The primary issue in this appeal is whether the trial court correctly determined there was a conflict between local circuit court rule 14.2 and section 103-5(b) of the Illinois Code of Criminal Procedure of 1963 (Code) (commonly referred to as the Speedy Trial Act) (725 ILCS 5/103-5(b) (West 1998)), where the local rule requires a defendant to serve the State's Attorney with a speedy-trial demand in open court but the statutory provision does not contain an open-court requirement.

Cook County circuit court rule 14.2 provides that "[a]ny demand for trial made in felony or misdemeanor cases by a defendant pursuant to the provisions of Chapter 38, Section 103-5, Illinois Revised Statutes [now see 725 ILCS 5/103-5], shall be in written form. No demand for trial shall be accepted by the Court nor recorded by the Clerk unless filed in accordance with this rule. The original of the written demand shall be filed at

1-05-3741

the time of the demand with the Clerk and made part of the Court file and a copy of such demand shall be served upon the State's Attorney in open court." Cook Co. Cir. Ct. R. 14.2 (eff. March 1, 1977).

Section 103-5(b) of the Code provides in relevant part that "[e]very person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant. * * * Any demand for trial made under this subsection (b) shall be in writing." 725 ILCS 5/103-5(b) (West 2000). The statutory language contained in section 103-5(b) of the Code does not require a defendant to serve the State's Attorney with a speedy-trial demand in open court.

The relevant facts are as follows. On February 20, 2005, defendant drove his car into a light pole, killing the front-seat passenger. Defendant was issued traffic citations charging him with driving under the influence of alcohol, driving with a suspended license, failure to reduce speed, and reckless driving. The traffic citations issued defendant required him to appear in court on April 8, 2005. Defendant was admitted to bail on February 22, 2005.

The next day, on February 23, 2005, defense counsel filed a written speedy-trial demand with the clerk of the circuit court

1-05-3741

and served a copy of the demand at the traffic division of the Cook County State's Attorney's office by hand delivering a copy of the demand to the office during regular business hours.

On April 8, 2005, defendant appeared in court for his first scheduled court date, answering ready for trial and demanding trial.  Defense counsel also filed another written speedy-trial demand, noting the previous demand made on February 23, 2005. The case was then continued upon motion of the State to April 22, 2005.

On April 22, 2005, defendant again answered ready and demanded trial.  Another written demand for trial was tendered, noting the previous demands made on February 23 and April 8, 2005.  The case was again continued upon motion of the State to May 13, 2005.

The State was not ready for trial on the ensuing court dates of May 13, June 24, and August 2, 2005.  On each of these dates, defendant renewed his written demand for trial, noting prior demands made on previous dates, including the first demand made on February 23, 2005.  On August 2, 2005, the case was again continued upon motion of the State to September 8, 2005.

On August 3, 2005, the State filed a motion seeking a continuance beyond the speedy-trial term.  In response, defendant

-3-

1-05-3741

filed a motion to dismiss all charges pursuant to section 103-5(b) of the Code on the ground that the State's motion was untimely because more than 160 days had passed since he filed his first speedy-trial demand on February 23, 2005.

On August 5, 2005, the trial court heard arguments on the two motions. The State argued, among other things, that defendant's speedy-trial demand of February 23, 2005, was invalid as a violation of local circuit court rule 14.2 because the demand was not served on the State's Attorney in open court.

After hearing arguments from both sides, the trial court granted the defendant's motion to dismiss. The trial court agreed with defendant that a conflict existed between local circuit court rule 14.2 and section 103-5(b) of the Code in that the local rule required a defendant to serve the State's Attorney with a speedy-trial demand in open court while the statutory provision did not contain such an open-court requirement. The trial court pointed out that under section 103-5(b) of the Code, a written speedy-trial demand was valid even if it was not served on the State's Attorney in open court, provided it was filed with the clerk of the circuit court and a copy served on the State's Attorney's office.

The trial court stated that "where there is conflict between a state's statute and a local rule, the state's statute clearly

-4-

takes precedent."  In applying section 103-5(b) to the facts in the case at bar, the trial court determined that the effective demand-date triggering the running of the 160-day speedy-trial period was not defendant's first scheduled court date of April 8, 2005, as the State argued, but rather, February 23, 2005, the date defense counsel filed his first written speedy-trial demand with the clerk of the circuit court and served a copy of the demand on the State's Attorney's office by hand delivery.

At the hearing on its motion to reconsider, the State argued there was no conflict between local circuit court rule 14.2 and section 103-5(b) of the Code concerning the demand for a speedy-trial because the statute was silent as to whether the demand had to be made in open court.  The State then went on to argue that even though it received notice of defendant's speedy-trial demand on February 23, 2005, this notice was invalid under local court rule 14.2 because it was not served on the State's Attorney in open court.  The State argued that the local court rule was enacted to address the large volume of cases coming through Cook County.  The State maintained that in light of Cook County's large size, defendants should be required to give the State's Attorney notice of speedy-trial demands in open court.

Defendant responded that the State's position was untenable, arguing that if the running of the 160-day speedy-trial period

could be triggered by serving the State's Attorney by mail, it was inconceivable that it could not also be triggered by physically serving the State's Attorney by hand delivering the speedy-trial demand to the State's Attorney's office.

In denying the State's motion to reconsider, the trial court acknowledged that the State's Attorney's office of Cook County was a large office, but the court also posed the following rhetorical questions, "what [was] a defense attorney supposed to do besides file with the state's attorney's office their written demand and their motion and get it filed stamped *** and what else is an attorney supposed to do except when he is in court and filing written demands which lists all the previous dates. You know at some point there's no other way to give notice other than to do what [defense counsel] did at this point."

The trial court concluded that the State's arguments were considerably weakened "by the fact that at each juncture that this case was up a demand was filed in writing and the previous demands were listed including February 23rd." The trial court went on to state that "[e]ven if [the parties] were relying on the local rule as opposed to the state statute it seems to me that at some point that's waived when time after time after time there's a written demand that's filed relating back to the February 23rd date and isn't until after the term has been passed

1-05-3741

that anyone notices it. \*\*\* I think at the time that this went beyond the term date I think that this court lost jurisdiction."

ANALYSIS

The State contends there is no conflict between local circuit court rule 14.2 and section 103-5(b) of the Code and therefore the trial court erred when it failed to require defendant to serve his speedy-trial demand in open court pursuant to the rule. The State asserts there is no conflict between local court rule 14.2 and section 103-5(b) concerning the demand for a speedy-trial because they are consistent with one another in that both are primarily concerned with giving the State formal notice of speedy-trial demands. We disagree.

Resolution of this issue involves statutory interpretation, a matter of law subject to *de novo* review. *People v. Bradley M.*, 352 Ill. App. 3d 291, 294, 815 N.E.2d 1209 (2004) (construction or interpretation of a statute is a question of law subject to *de novo* review).

Supreme Court Rule 21(a) (134 Ill.2d R. 21(a)) authorizes circuit courts to adopt local rules governing criminal and civil cases provided they do not conflict with supreme court rules or statutes, and so far as practical, they are uniform throughout the state. *Phalen v. Groeteke*, 293 Ill. App. 3d 469, 470, 688 N.E.2d 793 (1997). Local rules promulgated under Rule 21(a) "may

not abrogate, limit or modify existing law." *People v. Sims*, 165 Ill. App. 3d 204, 207, 518 N.E.2d 730 (1988). "Moreover, local rules must not place additional burdens on litigants, as compared to the requirements of corresponding statutes or supreme court rules." *People v. Bywater*, 358 Ill. App. 3d 191, 196, 830 N.E.2d 695 (2005), *rev'd on other grounds*, 223 Ill. 2d 477 (2006).

The sixth amendment to the United States Constitution (U.S. Const., amend VI), and article I, section 8, of the Illinois Constitution (Ill. Const. 1970, art. I, §8), provide that every criminal defendant is entitled to a speedy trial. *People v. Durham*, 193 Ill. App. 3d 545, 546, 550 N.E.2d 259 (1990). Section 103-5(b) of the Code implements a defendant's constitutional right to a speedy trial by providing that every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date the defendant demands trial unless the delay is occasioned by defendant. *People v. Watkins*, 220 Ill. App. 3d 201, 205, 581 N.E.2d 145 (1991); *People v. Lendabarker*, 215 Ill. App. 3d 540, 552, 575 N.E.2d 568 (1991). Because the speedy-trial provision of the Code enforces a defendant's constitutional right to a speedy trial, this provision must be liberally construed in favor of the defendant. *People v. Campa*, 353 Ill. App. 3d 178, 181, 818 N.E.2d 787 (2004).

1-05-3741

The constitutional right of a defendant to receive a speedy trial militates against the use of local court rule 14.2 to limit or burden the constitutional protections provided by section 103-5(b) of the Code. In comparison to section 103-5(b) local court rule 14.2 improperly places an additional burden on a defendant seeking to file a speedy-trial demand by requiring defendant to serve the demand on the State's Attorney in open court. See, *e.g.*, *Bywater*, 358 Ill. App. 3d at 197, *rev'd on other grounds*, 223 Ill. 2d 477 (2006) (local court rule conflicted with corresponding statute and placed improper additional burden on defendant seeking to request a hearing on a petition to rescind the summary suspension of his driving privileges where rule required defendant to make request in open court while statute only required the request be written).

The statutory language contained in section 103-5(b) does not require a defendant to serve the State's Attorney with a written speedy-trial demand in open court. Under section 103-5(b) of the Code, a written speedy-trial demand is valid even though it is not served on the State's Attorney in open court, provided the demand is filed with the clerk of the circuit court and a copy served on the State's Attorney's office. See *Lendabarker*, 215 Ill. App. 3d at 552 (speedy-trial demand valid and effective when it was filed with clerk of circuit court and

notice of the demand was sent to State's Attorney's office).

Here, the trial court correctly determined there was a conflict between local circuit court rule 14.2 and section 103-5(b) of the Code, where the local rule requires a defendant to serve the State's Attorney with notice of a speedy-trial demand in open court while the statutory provision does not contain such an open-court requirement. Moreover, the trial court correctly resolved the conflict in favor of section 103-5(b) of the Code where application of local court rule 14.2 would effectively limit and burden the constitutional protections provided by the statute.

Finally, the record does not support the State's contention that defendant failed to make his February 23, 2005, speedy-trial demand a part of the record. The trial court determined that after defense counsel filed the demand with the clerk of the circuit court, it was the clerk's ministerial responsibility to ensure that the demand was made a part of the court file. In addition, the record does not support the State's assertion that defense counsel's failure to serve the demand in open court indicates that counsel was attempting to hide the demand from the State.

Accordingly, for the reasons set forth above, we affirm the judgment of the circuit court of Cook County.

1-05-3741

Affirmed.

HOFFMAN and SOUTH, JJ., concur.